[Nos. 48675–1, 48686–7.   En Banc.   April 14, 1983.]

INTERNATIONAL COMMERCIAL COLLECTORS, INC., *Appellant,*
v. GEORGE B. CARVER, ET AL, *Defendants,*
CONTRACTORS BONDING AND INSURANCE
COMPANY, *Respondent.*

VAN DAAL, INC., *Appellant,* v. R. W. ALLEN,
*Defendant,* CONTRACTORS BONDING AND
INSURANCE COMPANY, *Respondent.*

*Roderick S. Simmons,* for appellant International Commercial Collectors.

*Susan T. Egnor* and *Stafford, Frey & Mertel,* by *A. Richard Dykstra,* for appellant Van Daal, Inc.

*Bobette S. Jones* and *Richard S. Kane,* for respondent.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton Wilson, Assistant,* amici curiae for appellants.

DIMMICK, J.—We here interpret sections of the Registration of Contractors Act, RCW 18.27, to determine who are the beneficiaries of a contractor's surety bond. The trial court held that consumers alone were protected by a surety bond. We reverse and hold that the legislative statement that the act protects "the public" does not change the beneficiaries specified in the act.

Appellant, Van Daal, Inc., a construction materials supplier, sold materials to R. W. Allen. Allen was a registered contractor under RCW 18.27. Respondent, Contractors Bonding and Insurance Company (CBIC), issued a statutorily required surety bond in favor of Allen. Allen did not pay for the materials supplied by appellant and appellant brought suit against Allen and CBIC. Appellant obtained a judgment against Allen but was unable to locate him. CBIC refused to satisfy appellant's claim from the surety bond. No other claims have been filed against the bond. Appellant filed a motion for summary judgment against CBIC. The trial court denied the motion and dismissed appellant's claim against the bond holding that the bond was intended to protect only the consuming public and materials suppliers are not part of that public.

The facts of the consolidated case involving International

Commercial Collectors, Inc., are virtually identical to those set forth above. Appellant, International Commercial Collectors, Inc., however, is an assignee of the materials supplier.

The Registration of Contractors Act, RCW 18.27, is a comprehensive scheme governing contractors. This act, effective in 1963, defines a contractor, creates categories of exemptions, regulates business practices and requires that contractors be registered. One condition of registration is the securing and filing of a surety bond in a specified amount. RCW 18.27.040 designates the persons and enumerates who may make claims against the bond, the method of making the claims, and the order in which claims shall be satisfied. RCW 18.27.040 provides in relevant part:

> Each applicant shall . . . file . . . a surety bond . . . conditioned that the applicant will pay all persons performing labor, including employee benefits, for the contractor, will pay all taxes and contributions due to the state . . ., and will pay all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. . . . Any person having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond . . . [C]laims shall be satisfied from the bond in the following order:
> (1) Labor, including employee benefits;
> (2) Claims for breach of contract by a party to the construction contract;
> (3) Material and equipment;
> (4) Taxes and contributions due the state of Washington;
> (5) Any court costs, interest, and attorney's fees plaintiff may be entitled to recover.

This statute today is essentially the same as adopted in 1963 although the order in which claims are to be satisfied was changed in 1972. Laws of 1972, 1st Ex. Sess., ch. 118, § 2.

In 1973 the Legislature added RCW 18.27.140, which

provides in full:

> Purpose of chapter. It is the purpose of this chapter to afford protection to the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors.

Respondent contends that the "public" referred to in RCW 18.27.140 consists only of the consumers, that is, the customers of building contractors. It reasons therefrom that RCW 18.27.140 repeals or amends the comprehensive scheme of RCW 18.27. Specifically, it argues that RCW 18.27.140 abrogates the ability of material suppliers and others listed in RCW 18.27.040 to bring a claim against a contractor's surety bond. Appellants contend that the purpose section does not change the statutory bond beneficiaries. Rather, they argue that the Legislature derived the public purpose language directly from *Murphy v. Campbell Inv. Co.,* 79 Wn.2d 417, 421, 486 P.2d 1080 (1971), wherein we held a contractor could maintain a suit under RCW 18.27 even though he had not technically complied with all the registration requirements of the act. We held substantial compliance was sufficient. In doing so we stated that RCW 18.27 was "'designed to prevent the victimizing of a defenseless public by unreliable, fraudulent and incompetent contractors . . .'" *Murphy,* at 421. Appellants reason that because the Legislature used this very language in RCW 18.27.140, its only intention was to adopt the substantial compliance doctrine. To decide the issue at hand we need not determine whether this was, in fact, the Legislature's only goal.

As primary support for its position respondent relies upon certain language in *Bremmeyer v. Peter Kiewit Sons Co.,* 90 Wn.2d 787, 585 P.2d 1174 (1978). *Bremmeyer,* however, is distinguishable and not controlling. In that case Peter Kiewit Sons Company contracted with the State to construct part of a highway. It then subcontracted the necessary clearing of trees to Bremmeyer. Kiewit canceled its contract with Bremmeyer who in turn brought suit. Bremmeyer was an unregistered contractor and thus the terms of

RCW 18.27.080[1] seemed to bar the action. In view of the stated legislative purpose to protect the public (RCW 18.27.140) and the practicalities of the situation, we held that the Legislature did not intend to protect contractors from each other. Although there is language in the opinion to the effect that the statutory purpose provides protection to the "*public, i.e.,* the customers of building contractors" (*Bremmeyer,* at 791), such language is not dispositive here.

*Bremmeyer* was limited to deciding what effect RCW 18.27.080 has when contractors sue each other. We did not deal with the effect, if any, RCW 18.27.140 has on any other sections of the act. This is noteworthy as we found it significant in *Bremmeyer* that there was no express statutory provision granting protection to contractors from other contractors. In the statute now before us, however, the Legislature expressly granted materials suppliers a right of action against the bond.

██ There is nothing in the legislative history of RCW 18.27.140 to indicate that the Legislature intended to repeal RCW 18.27.040 and change the beneficiaries of the surety bond. In fact there is no legislative history whatsoever with regard to the statement of purpose contained in RCW 18.27.140. Upon examination of the course of legislative action relating to the two sections, however, it becomes readily apparent that the Legislature did not intend to repeal RCW 18.27.040. Both RCW 18.27.040 and RCW 18.27.140 were before the Legislature during the same session. The Legislature reenacted RCW 18.27.040 with only minor changes irrelevant to the issue before us, and at the same time enacted RCW 18.27.140. Laws of 1973, 1st Ex.

---

[1]RCW 18.27.080 states:

"No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract."

Sess., ch. 153, § 4; Laws of 1973, 1st Ex. Sess., ch. 161, § 2. Both bills were approved by the Governor on the same day. Statutes in pari materia should be harmonized so as to give force and effect to each and this rule applies with peculiar force to statutes passed at the same session of the Legislature. *State ex rel. Oregon R.R. & Nav. Co. v. Clausen,* 63 Wash. 535, 540, 116 P. 7 (1911). Additionally, the Legislature again reenacted the relevant provisions of RCW 18.27-.040 in 1977. Laws of 1977, 1st Ex. Sess., ch. 11, § 1. We must presume that the Legislature was aware of its statement of public purpose, RCW 18.27.140, when it reenacted RCW 18.27.040. *E.g., Baker v. Baker,* 91 Wn.2d 482, 486, 588 P.2d 1164 (1979); *Leonard v. Bothell,* 87 Wn.2d 847, 853, 557 P.2d 1306 (1976). Accordingly, it would be a dramatic departure from reason to hold that the Legislature intended to repeal RCW 18.27.040 when it continually reaffirmed that statute.

■ Respondents, however, argue that despite this legislative course of action and applicable presumptions of statutory interpretation, we must find that the purpose section, RCW 18.27.140, impliedly repealed RCW 18.27.040. We have repeatedly held that implied repeals are disfavored. *U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 88, 633 P.2d 1329 (1981); *Jenkins v. State,* 85 Wn.2d 883, 886, 540 P.2d 1363 (1975); *Tardiff v. Shoreline Sch. Dist.,* 68 Wn.2d 164, 166, 411 P.2d 889 (1966). Nevertheless, an implied repeal will be found where:

(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.

*In re Chi–Dooh Li,* 79 Wn.2d 561, 563, 488 P.2d 259 (1971). These criteria are not met here. As discussed above it is not evident from the Legislature's course of action that RCW 18.27.140 was intended to supersede RCW 18.27.040 nor is

the purpose section complete in and of itself. The two statutes are not so repugnant to one another that they cannot be reconciled. It stands to reason that the "public" referred to in RCW 18.27.140 does not mean consumers alone but includes the classes of beneficiaries of the bond listed in RCW 18.27.040. As stated in WAC 296-200-005, RCW 18.27 "is a valuable protection for persons who do business with contractors in Washington."

█ Respondent contends that our interpretation of the statutes will disserve consumers. However, as pointed out by amici on behalf of Department of Labor and Industries, consumers are actually better protected if materials suppliers and others listed in RCW 18.27.040 are able to collect claims from the bond. If materials suppliers are unable to collect from the bond proceeds, they will exercise their lien rights, foreclosing on the consumer's property. *See* RCW 60.04.010, .120. Consumers would be subject to needless suits because materials suppliers and others would be suing them to foreclose the liens instead of bringing claims against the contractor's bond. Consumers would lose time and have to pay court costs and attorney fees to defend the lien foreclosure actions as well as bringing their own actions against the bond. The consumer would in essence become a buttress between the bonding companies and claims by materials suppliers.

We reverse the trial courts' orders denying summary judgment. In both cases, the trial courts, in dismissing the actions, concluded that no questions of law or fact pertaining to the rights of the parties remain after the determination of the issue addressed herein. Accordingly, we remand this matter and instruct the trial court to enter an order granting appellants' motions for summary judgment against respondent.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., concur.