[No. 15259-9-I.   Division One.   May 28, 1985.]

ALLIED AMERICAN PAINTING CONTRACTORS, INC.,
*Petitioner,* v. BARBARA SHORE, ET AL,
*Defendants,* CONTRACTORS BONDING
AND INSURANCE COMPANY,
*Respondent.*

*Lund, Forgette & Williams* and *David Paul Williams,* for petitioner.

*Bobette Jones,* for respondent.

WILLIAMS, J.—Allied American Painting Contractors, Inc., brought this action to recover against the contractor's surety bond of Barbara Shore, d/b/a Shore Painting Company, the bond being given by Contractors Bonding and Insurance Company. The claim was for labor Allied had supplied to Shore who had a contract with a builder to paint houses. Shore did not pay Allied for the labor performed on the houses and then filed a petition in bankruptcy. The trial court decided the action did not lie and denied Allied's motion for summary judgment against Contractors Bonding on the bond.

The issue is controlled by RCW 18.27.040, which provides in pertinent part:

Bond or other security required—Actions against—Suspension of registration upon impairment. (1) Each applicant shall, at the time of applying for or renewing a certificate of registration, file with the department a surety bond . . . conditioned that the applicant will pay all persons performing labor, including employee benefits, for the contractor, will pay all taxes and contributions due to the state of Washington, and will pay all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. . . .

. . .

(3) Any person, firm, or corporation having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond in the superior court of the county in which the work is done or of any county in which jurisdiction of the contractor may be had.

"All persons furnishing labor", then, are among the beneficiaries of the bond issued to Shore. *See International Comm'l Collectors, Inc. v. Carver,* 99 Wn.2d 302, 661 P.2d 976 (1983). And as appears in subsection (3), the claimant, although not an individual person, may be a firm or, specifically, a corporation as occurred in this case. In this way the bond serves to protect the consumer, as Allied had lien rights against the consumer's property under RCW 60.04-.010, and is consistent with the purpose of RCW 18.27, that is, to protect those furnishing labor, material and equipment from unreliable, fraudulent, financially irresponsible or incompetent contractors. RCW 18.27.140.

Allied requests attorney fees in excess of the amount of the bond, contending Contractors Bonding's denial of liability was in bad faith. *See Seals v. Seals,* 22 Wn. App. 652, 658, 590 P.2d 1301 (1979). Contractors Bonding denied liability based on *Bremmeyer v. Peter Kiewit Sons Co.,* 90 Wn.2d 787, 585 P.2d 1174 (1978). Reliance on language in

that case, while misplaced, eliminated the element of bad faith.

Accordingly, the trial court's order denying summary judgment is reversed, and the cause is remanded with instructions to enter judgment against Contractors Bonding, including costs and attorney fees not to exceed the amount of the bond.

SWANSON and GROSSE, JJ., concur.

Reconsideration denied July 31, 1985.

Review denied by Supreme Court September 9, 1985.