46

[Nos. 13423–0–I; 14638–6–I.  Division One.  June 17, 1985.]

STEWART CARPET SERVICE, INC., *Appellant,* v. CONTRACTORS BONDING AND INSURANCE COMPANY, *Respondent.*

F/M SALES COMPANY, INC., *Appellant,* v. ICOM PLUMBING & HEATING, INC., ET AL, *Defendants.*

CREE CONSTRUCTION COMPANY, INC., *Respondent,* v. ICOM PLUMBING & HEATING, INC., ET AL, *Defendants.*

THE WING COMPANY, *Appellant,* v. ICOM PLUMBING & HEATING, INC., ET AL, *Defendants.*

*James Rigby,* for appellant Stewart Carpet Service.

*James G. Blair,* for appellant F/M Sales Co.

*Charles P. Helm,* for appellant Wing Co.

*Bobette Jones,* for respondent Contractors Bonding and Insurance Co.

*Garth A. Schlemlein,* for respondent Cree Construction Co.

WILLIAMS, J.—In these cases the sole issue is whether RCW 18.27 (1981) authorizes a prime contractor to recover against the bond of its subcontractor. We hold it does not.

In the first listed case, Stewart Carpet Service, Inc., sought to recover upon the bond of Steven Glines, d/b/a Fuzzy Side Up. Stewart subcontracted a floor covering job to Glines which he negligently performed. Glines then filed a petition in bankruptcy. The trial court granted summary judgment in favor of the surety on the bond, Contractors Bonding and Insurance Company. Stewart appeals; we affirm.

In the other cases, Cree Construction Company, Inc., sought to recover upon the bond of ICOM Plumbing & Heating, Inc., which had breached its contract to install a mechanical system on a Bellevue public works project Cree was building. ICOM also had not paid its material suppliers, F/M Sales Company, Inc., and The Wing Company. Contractors Bonding and Insurance Company, as surety on

ICOM's bond, tendered the proceeds into the registry of the court. The trial court gave priority to Cree ahead of F/M Sales and Wing, who appeal. We reverse.

The sole issue in these cases is whether a prime contractor can recover against the bond covering its subcontractor. RCW 18.27.040 (1981) provided:

> Bond or other security required—Actions against—Suspension of registration upon impairment. Each applicant shall, at the time of applying for a certificate of registration, file with the department a surety bond . . . conditioned that the applicant will pay . . . all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. . . . Any person having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond . . . if the actions commenced and pending at any one time exceed the amount of the bond then unimpaired, claims shall be satisfied from the bond in the following order:
>
> (1) Labor, including employee benefits;
> (2) Claims for breach of contract by a party to the construction contract;
> (3) Material and equipment;
> (4) Taxes and contributions due the state of Washington;
> (5) Any court costs, interest, and attorney's fees plaintiff may be entitled to recover.

■ Under the scheme developed by RCW 18.27, awards against a subcontractor's bond are to be satisfied upon the basis of the five items referred to in the quoted section. The only chance Stewart and Cree had of establishing a viable claim was "Claims for breach of contract by a party to the construction contract". Quite clearly, those claims referred to the contract between a contractor and a consumer, usually called the prime contract. It can hardly be said that the agreement between Stewart and Fuzzy Side Up was *the* construction contract, that was between Stewart and the builder or homeowner. In similar vein, the prime contract

Cree had was with the City of Bellevue, not the several subcontractors it had called upon to help with the work. Because a prime contractor is not included among the beneficiaries of the bond covering its subcontractor, the prime contractor cannot recover against that bond. *See International Comm'l Collectors, Inc. v. Carver,* 99 Wn.2d 302, 661 P.2d 976 (1983).

Accordingly, the judgment against Stewart Carpet is affirmed; the trial court's orders in the consolidated cases against ICOM Plumbing & Heating, Inc., are reversed and those cases are remanded with instructions to exclude Cree Construction from participation in the bond proceeds.

SWANSON and GROSSE, JJ., concur.

Review granted by Supreme Court September 6, 1985.