24 P.3d 1112 (2001)
SUBCONTRACTORS AND SUPPLIERS COLLECTION SERVICES, a Washington corporation, Appellant,
v.
Todd McCONNACHIE and Jane Doe McConnachie, husband and wife, d/b/a Royal Homes, Respondents,
Developers Insurance Company, a surety, Defendant.
No. 19574-1-III.
Court of Appeals of Washington, Division 3, Panel Nine.
June 14, 2001.
*1113 James A. Domanico, Crary & Clark, Spokane, for Appellant.
Robert D. Waldo, Waldo & Schweda, Spokane, for Respondents.
SWEENEY, J.
The bonding statute in Washington (RCW 18.27.040) permits service of process on contractors with service on the Department of Labor and Industries. Subcontractors and Suppliers Collection Services served the Department to effect service on Todd McConnachie, a contractor, for suit on a materials bill. The statute of limitations had run against the bonding company. The question before us is whether service of process on the Department pursuant to the bonding statute confers personal jurisdiction over a contractor for a debt not covered by the bond. We conclude that it does not and affirm the trial court.

FACTS
No one disputes the underlying facts. Todd McConnachie does business as Royal Homes. Mr. McConnachie and Wilson's Floor Coverings dispute an unpaid bill for materials. Wilson's Floor Coverings assigned its interest in the account to Subcontractors and Suppliers Collection Services.
Subcontractors sued Mr. McConnachie and his bonding company, Developers Insurance Company. Subcontractors served the Department of Labor and Industries onlypursuant to the bonding statute. The Department forwarded notice of the suit along to Mr. McConnachie.
Mr. McConnachie answered and moved for summary judgment challenging the propriety of service on the Department. The court dismissed Developers Insurance Company because Subcontractors failed to sue within a one-year statute of limitation period prescribed by RCW 18.27.040(3). The dispute between Subcontractors and Mr. McConnachie then went to arbitration. Mr. McConnachie appealed an adverse arbitrator's decision and requested trial de novo in superior court.
The superior court dismissed Subcontractors' claim for lack of personal jurisdiction *1114 based on its failure to personally serve Mr. McConnachie.

DISCUSSION
The question presented is straightforward, even if the answer is not. Can Subcontractors effect personal service on a contractor to collect a bill for materials by serving the Department of Labor and Industries pursuant to the bonding statute?
Subcontractors notes the language in RCW 18.27.040(3) permitting service of process on the Department to effect service on a contractor and argues that the trial judge simply ignored this language.
Mr. McConnachie responds that the specific language Subcontractors relies on must be put in context. The statute, RCW 18.27.040, provides only a vehicle for realizing on a bond.
STANDARD OF REVIEW
The facts here are not disputed. We review the court's ruling on personal jurisdiction de novo. Lewis v. Bours, 119 Wash.2d 667, 669, 835 P.2d 221 (1992).
STATUTORY CONSTRUCTION
"The primary goal of statutory construction is to carry out legislative intent." Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001); Cherry v. Municipality of Metro. Seattle, 116 Wash.2d 794, 799, 808 P.2d 746 (1991). We derive that legislative intent primarily from the statute's language. City of Bellevue v. E. Bellevue Cmty. Council, 138 Wash.2d 937, 944, 983 P.2d 602 (1999).
In doing so, we read the statute as a whole. Miller v. City of Tacoma, 138 Wash.2d 318, 338, 979 P.2d 429 (1999) (Madsen, J., concurring/dissenting); Clausing v. State, 90 Wash.App. 863, 873, 955 P.2d 394 (1998). We try to place the language in the context of the overall legislative scheme. And when we do so here, it becomes clear that this statute spells out the requirements for realizing on a construction bond, including effecting service.
BONDING STATUTESERVICE
RCW 18.27.040 is titled: "Bond or other security requiredActions againstSuspension of registration upon impairment." Subsection (3) provides in relevant part:
Any person, firm, or corporation having a claim against the contractor for any of the items referred to in this section may bring suit upon the bond or deposit .... Action upon the bond or deposit shall be commenced by filing the summons and complaint with the clerk of the appropriate superior court.... Service of process in an action against the contractor, the contractor's bond, or the deposit shall be exclusively by service upon the department.... The service shall constitute service on the registrant and the surety for suit upon the bond or deposit ....
(Emphasis added.)
Subcontractors argues that the court has personal jurisdiction over Mr. McConnachie because the clear language of the statute says so: "Service of process in an action against the contractor, the contractor's bond, or the deposit shall be exclusively by service upon the department." RCW 18.27.040(3). It argues that because the sentence lists the contractor, the bond, and the deposit, service under RCW 18.27.040(3) gives the court jurisdiction over not only the bond and deposit, but the contractor as well.
The scope of jurisdiction conferred by service under an earlier version of RCW 18.27.040(3) was addressed in Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces, 36 Wash.App. 480, 674 P.2d 1271 (1984). There, Mid-City brought an action on an overdue note against Heater Beaters, Heater Beaters' surety, its operators (Richard and Ann Murchison), and Richard's parents (Fred and Ethel Murchison). Id. at 482, 674 P.2d 1271. Mid City claimed that all four Murchisons were partners in Heater Beaters. Id. Mid-City then took a default judgment against Fred and Ethel Murchison. Id.
On appeal, the court held that the trial court lacked personal jurisdiction over Fred and Ethel Murchison because:

*1115 The service provisions of [RCW 18.27.040] are clearly and specifically limited by the language of the statute to suits brought on the bond. Here the surety promptly paid the full $4,000 face amount of its bond to the plaintiff and was thereupon dismissed from the case. The substituted service provisions of the statute did not confer jurisdiction on the trial court to enter a personal judgment against the parents.
Id. at 484-85, 674 P.2d 1271 (emphasis added) (footnote omitted).
But after Mid-City, a 1988 amendment changed RCW 18.27.040(3), in part, by adding the following underlined language: "Service of process in an action ((upon such)) against the contractor, the contractor's bond, or the deposit shall be exclusively by service upon the department." Laws of 1988, ch. 139, § 1.
The question then is whether the Legislature intended to modify the service of process scheme for all lawsuits against contractors by requiring service of process exclusively through RCW 18.27.040 or just those suits on the bond. This is a novel question and one that we answer in the negative.
PURPOSE AND LANGUAGE OF BONDING STATUTE
For us, the overall focus of RCW 18.27.040(3) remains the contractor's bond and deposit. Our reading of the whole statute convinces us that Mid-City remains good law. Miller, 138 Wash.2d at 338, 979 P.2d 429 (Madsen, J., concurring/dissenting); Clausing, 90 Wash.App. at 873, 955 P.2d 394.
First, RCW 18.27.040 is entitled: "Bond or other securityActions againstSuspension of registration upon impairment." (Emphasis added.) The title of RCW 18.27.040 states it is applicable to actions against the contractor's bond or other security. The title does not say actions against contractors in general.
Next, the opening language of RCW 18.27.040(3) limits it to suits against the contractor's bond or deposit:
Any person ... may bring suit upon the bond or deposit.... Action upon the bond or deposit shall be commenced by filing.... The service shall constitute service on the registrant and the surety for suit upon the bond or deposit ....
(Emphasis added.)
Both the purpose of the statute and its language support the notion that service on the Department is for the limited purpose of realizing on a contractor's bond or deposit.
Subcontractors' service of process through RCW 18.27.040(3), without more, did not then confer personal jurisdiction over Mr. McConnachie. Mid-City, 36 Wash.App. at 484-85, 674 P.2d 1271. The trial court then correctly dismissed Subcontractors' claim.
Subcontractors' suit here was against the contractor, not the bond. And service of process is only sufficient when it satisfies the requirements set forth by statute. Powell v. Sphere Drake Ins. P.L.C., 97 Wash.App. 890, 899, 988 P.2d 12 (1999). Here, service of process on Mr. McConnachie should have been done pursuant to the service of summons statute. RCW 4.28.080(15) ("In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein").
COLLATERAL ESTOPPEL
Subcontractors next argues that collateral estoppel should have prohibited one superior court judge from ruling on the personal jurisdiction issue because it had already been decided by another judge and the arbitrator. But lack of personal jurisdiction can be challenged so long as it has not been waived. CR 12(h)(1);[1]see In re Marriage of Maddix, 41 Wash.App. 248, 703 P.2d 1062 (1985) (failure to timely challenge service of *1116 process and presenting argument on the merits waived defense that court lacked personal jurisdiction over defendant). Mr. McConnachie specifically challenged the service of process in his answer to the complaint and motion for summary judgment. And Mr. McConnachie requested a trial de novo in his appeal of the arbitrator's award.
RCW 18.27.040 applies to contractor bonds and deposits. The sentence added in 1988 muddies the water. But it does not change the service of process scheme for all actions against contractors. The trial court did not then err by dismissing Subcontractors' lawsuit.
Affirmed.
WE CONCUR: KURTZ, C.J., KATO, J.
NOTES
[1] CR 12(h)(1) provides:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in section (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by rule 15(a) to be made as a matter of course."