149 P.3d 666 (2006)
COSMOPOLITAN ENGINEERING GROUP, INC. Respondent,
v.
ONDEO DEGREMONT, INC., a Virginia corporation, Petitioner,
National Fire Insurance Company/Hartford, a foreign corporation, Defendant.
No. 77661-0.
Supreme Court of Washington, En Banc.
Argued May 25, 2006.
Decided December 28, 2006.
*667 Alan R. Merkle, Margarita V. Latsinova, Christina L. Haring, Stoel Rives LLP, Seattle, WA, for Petitioner.
Sandra Jean Rovai, Bradley Alan Maxa, Gordon Thomas Honeywell, Tacoma, WA, for Respondent.
Timothy M. Harris, Building Industry Association of Wash. State, Olympia, WA, Amicus Curiae on behalf of Building Industry Association of Washington.
BRIDGE, J.
¶ 1 The registration of contractors act, chapter 18.27 RCW, requires contractors in Washington to register and to file a surety bond with the Department of Labor and Industries (Department). RCW 18.27.040 provides a mechanism for consumers, subcontractors, and other injured parties to recover against the bond. In 2001, the legislature amended the statute in part by adding a provision to RCW 18.27.040 allowing a prevailing party to recover attorney fees in an action for breach of contract filed under that section. Laws of 2001, ch. 159, § 3(6). We conclude the amended statute authorizes a prevailing plaintiff to recover attorney fees for an action against the bond, but it does not provide a mechanism to recover attorney fees for an action against the contractor. Accordingly, we reverse the Court of Appeals.

I

Statement of Facts and Procedural History
¶ 2 Miller Brewing Company hired Ondeo Degremont, Inc., to design an onsite wastewater treatment facility and to explore the *668 development of a water reuse option for its brewery in Tumwater, Washington. Ondeo subcontracted with Cosmopolitan Engineering Group, Inc. for engineering services. Cosmopolitan did some additional work directly for Miller with regard to the reuse option. Miller eventually cancelled its wastewater and water reuse plans and announced its intention to sell its Tumwater brewery.
¶ 3 Cosmopolitan was not paid for all of its services. It filed a complaint against Miller and Ondeo, seeking to recover the unpaid fees by asserting breach of contract, promissory estoppel, and unjust enrichment claims against both Miller and Ondeo. Cosmopolitan also sought recovery from National Fire Insurance Company to the extent of Ondeo's surety bond. In addition, Cosmopolitan filed a lien against Miller's property pursuant to chapter 60.04 RCW and sought foreclosure on the lien. Miller and Ondeo successfully moved to dismiss the lien claim on summary judgment. The court also dismissed the breach of contract and equitable claims against Miller.
¶ 4 The court allowed the breach of contract and equitable claims against Ondeo and its bond to proceed, and those issues were tried in front of a jury. Neither party requested special verdict forms. The jury returned a verdict in favor of Cosmopolitan in the amount of $100,420.19, but the general verdict form did not indicate which theory (breach of contract, promissory estoppel, or unjust enrichment) prevailed. Ondeo has since satisfied the judgment on the jury verdict.
¶ 5 Ondeo and Miller moved for attorney fees for the dismissal of the lien claim pursuant to the attorney fee provision in the mechanic's lien statute, RCW 60.04.081(2). Cosmopolitan moved for attorney fees as the prevailing party against Ondeo and its surety bond pursuant to the attorney fee provision in RCW 18.27.040(6), which reads:

The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to a construction contract, is entitled to costs, interest, and reasonable attorneys' fees. The surety upon the bond is not liable in an aggregate amount in excess of the amount named in the bond nor for any monetary penalty assessed pursuant to this chapter for an infraction.
(Emphasis added.) The trial court awarded fees to Ondeo in the amount of $2,570 and Miller in the amount of $10,000. The court denied Cosmopolitan's motion for attorney fees against Ondeo but entered a judgment in the amount of $3,000 against the bond.[1]
¶ 6 Cosmopolitan appealed raising several issues, including a challenge to the trial court's conclusion that attorney fees authorized under RCW 18.27.040(6) are limited to recovery against the contractor's surety bond. The Court of Appeals decided the case in a partially published opinion. Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont, Inc., 128 Wash.App. 885, 117 P.3d 1147 (2005). In the published portion, the Court of Appeals held, "as a matter of law a prevailing party under this provision is entitled to attorney fees against both the opposing contractor and its bond." Id. at 892, 117 P.3d 1147 (emphasis added). The court explained that given the plain language of RCW 18.27.040(6), the express purpose of the registration statute, and case law describing the statute as comprehensive, "`[t]he Legislature would not have been providing meaningful relief if it limited such an award to only the amount of the contractor's bond.'" Id. (quoting Br. of Appellant at 15).
¶ 7 Ondeo filed a petition for review in this court. We granted review (156 Wash.2d 1024 (2006)) to determine if the recovery of attorney fees pursuant to RCW 18.27.040(6) is limited to actions against the contractor's bond or whether the statute also authorizes the recovery of attorney fees in actions against the contractor.

*669 II

Analysis
¶ 8 The general rule in Washington, commonly referred to as the American rule, is that each party in a civil action will pay its own attorney fees and costs. See In re Impoundment of Chevrolet Truck, 148 Wash.2d 145, 160, 60 P.3d 53 (2002); Mellor v. Chamberlin, 100 Wash.2d 643, 649, 673 P.2d 610 (1983). This general rule can be modified by contract, statute, or a recognized ground in equity. Chevrolet Truck, 148 Wash.2d at 160, 60 P.3d 53; Mellor, 100 Wash.2d at 649, 673 P.2d 610. Cosmopolitan claims RCW 18.27.040(6) alters the American rule by allowing recovery of attorney fees in actions against contractors as well as in actions against their bonds.
¶ 9 Chapter 18.27 RCW is the contractor's registration statute. Its purpose is:
to afford protection to the public including all persons, firms, and corporations furnishing labor, materials, or equipment to a contractor from unreliable, fraudulent, financially irresponsible, or incompetent contractors.
RCW 18.27.140. Substantively, the registration statute requires every contractor in Washington to register with the Department. RCW 18.27.020(1); RCW 18.27.010(2). The statute makes it a misdemeanor to do work as a contractor without being registered. RCW 18.27.020(2)(a).
¶ 10 RCW 18.27.040, the section of the statute at issue here, is entitled "Bond or other security requiredActions againstSuspension of registration upon impairment." It requires applicant contractors to file with the Department a surety bond issued by an acceptable surety insurer in the amount of $12,000 for general contractors and $6,000 for specialty contractors. RCW 18.27.040(1). The bond must be conditioned that the applicant will pay all persons performing labor, including employee benefits, all taxes and other contributions due to the State, all persons furnishing materials or equipment, and all amounts "adjudged against the contractor by reason of breach of contract including negligent or improper work in the conduct of the contracting business." RCW 18.27.040(1). RCW 18.27.040(3) allows parties having a claim to bring suit against the bond. The statute recites filing requirements, statutes of limitations, and service requirements specifically for suits against the bond. RCW 18.27.040(3).
¶ 11 RCW 18.27.040(4) provides that the surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond and sets forth the priority of payment when the claims against the bond exceed the bond amount. RCW 18.27.040(5) establishes bond amounts that must be reserved for residential homeowners. The remaining sections of RCW 18.27.040 allow the Department to suspend registration of a contractor where the bond no longer meets the required amount and to increase the amount of the bond required for contractors with several previous judgments against them. RCW 18.27.040(7)-(10). It is in the midst of these subsections regarding the bond that the legislature included the attorney fee provision at issue here. RCW 18.27.040(6).
¶ 12 The Court of Appeals held that given the plain language of RCW 18.27.040(6), the express purpose of the contractor's registration statute, and case law describing the statute as comprehensive, a prevailing party under this provision is entitled to attorney fees against both the opposing contractor and its bond. Cosmopolitan, 128 Wash.App. at 892, 117 P.3d 1147. Ondeo argues that the Court of Appeals is incorrect and, instead, we should interpret RCW 18.27.040(6) to allow recovery of attorney fees only against the contractor's bond.
¶ 13 Statutory interpretation is a question of law, subject to de novo review. E.g., City of Olympia v. Drebick, 156 Wash.2d 289, 295, 126 P.3d 802 (2006), cert. denied, ___ U.S. ___, 127 S.Ct. 436, ___ L.Ed.2d ___ (2006). Our purpose when interpreting a statute is to "`discern and implement the intent of the legislature.'" Id. at 295, 126 P.3d 802 (quoting State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003)). Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. Id. In discerning the plain meaning of a provision, we consider the entire statute *670 in which the provision is found as well as related statutes or other provisions in the same act that disclose legislative intent. Id.; Advanced Silicon Materials, L.L.C. v. Grant County, 156 Wash.2d 84, 89-90, 124 P.3d 294 (2005); Ellerman v. Centerpoint Prepress, Inc., 143 Wash.2d 514, 519, 22 P.3d 795 (2001). When a statute is ambiguous, we then resort to aids of construction, including legislative history. City of Olympia, 156 Wash.2d at 295, 126 P.3d 802; Advanced Silicon, 156 Wash.2d at 90, 124 P.3d 294.
¶ 14 First we must review the language of the provision in question. The first sentence of RCW 18.27.040(6) reads, "The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to a construction contract, is entitled to costs, interest, and reasonable attorneys' fees." (emphasis added). This sentence refers to an action filed against the contractor and contractor's bond or deposit, but limits the application of the provision to actions "filed under this section." Id. The second sentence in RCW 18.27.040(6) reiterates the limitations of the surety's liability to the aggregate amount named in the bond.
¶ 15 Review of RCW 18.27.040 in its entirety demonstrates that actions "filed under this section" refer only to actions for recovery against the contractor's bond. The various subsections of RCW 18.27.040 expressly refer or relate to suits against the bond. See, e.g., RCW 18.27.040(3) ("Any person, firm, or corporation having a claim against the contractor for any of the items referred to in this section may bring suit upon the bond. . . ."). Subsection (6) occurs just after the legislature's discussion of suits against the bond, service and filing requirements for such actions, limitations on the surety's liability, and priority of payment from the bonds should judgments exceed the bond amount. See RCW 18.27.040(3)-(5). Nothing in these surrounding subsections suggests that the legislature intended to discuss actions against the contractors.[2]
¶ 16 The Court of Appeals came to a similar conclusion in Subcontractors & Suppliers Collection Servs. v. McConnachie, 106 Wash. App. 738, 24 P.3d 1112 (2001). In that case, the collection service served the Department to effect service in a suit against a contractor and its bond for nonpayment on a bill for materials. However, this service occurred after the statute of limitations had run against the bonding company. Id. at 739, 24 P.3d 1112. The question before the court was whether service pursuant to RCW 18.27.040 conferred personal jurisdiction over the contractor for debt not covered by the bond. Id. In this context, the McConnachie court examined the entire legislative scheme and concluded that RCW 18.27.040 "spells out the requirements for realizing on a construction bond, including effecting service." Id. at 741, 24 P.3d 1112. Even though RCW 18.27.040(3) included language referring to an action against "`the contractor, the contractor's bond, or the deposit,'" the court concluded that RCW 18.27.040 dealt with suits against the bond and thus RCW 18.27.040(3)'s service provisions applied only to actions against the bond or deposit. Id. at 741-43, 24 P.3d 1112 (emphasis omitted) (quoting RCW 18.27.040(3)). The McConnachie decision interpreted RCW 18.27.040(3) before the legislature's 2001 amendments to the statute added the attorney fee provision at issue here, but nothing in the 2001 amendments shifts the focus of RCW 18.27.040 away from the contractor's bond. The McConnachie court's reasoning applies equally here; considering the context of the overall legislative scheme, the statute as a whole spells out the requirements and conditions for realizing on a contractor's bond. Id. at 741, 24 P.3d 1112.
¶ 17 Cosmopolitan and the dissent argue that if we interpret the attorney fee provision to authorize recovery of attorney fees only for the action against the bond, then the provision's reference to an action "against the contractor and contractor's bond" would be superfluous. RCW 18.27.040(6) (emphasis added). Yet an action against the bond must *671 also necessarily claim that a contractor breached a contract or failed to pay. This need to establish underlying contractor liability explains the legislature's reference to "an action filed under this section against the contractor and contractor's bond or deposit." RCW 18.27.040(6) (emphasis added). Had the legislature intended to authorize attorney fees for prevailing parties both in actions against contractors and in actions against the bond, the legislature could have referred to multiple actions or made it clear that fees were warranted either in an action against the contractor or in an action against the contractor's bond.
¶ 18 The Court of Appeals and Cosmopolitan refer to the vicarious liability inherent in surety law for support for the argument that attorney fees against the contractor are contemplated under RCW 18.27.040(6). Cosmopolitan, 128 Wash.App. at 892, 117 P.3d 1147. These arguments seem to rely on the notion that actions against the contractor and the bond will be filed together. Yet, it is important to note that an action against a surety bond is not dependent on a separate action against the contractor; if desired, an injured party may seek to recover only against the bond. Black's Law Dictionary 1482 (8th ed. 2004) ("A surety differs from a guarantor, who is liable to the creditor only if the debtor does not meet the duties owed to the creditor; the surety is directly liable."); see also Ward v. LaMonico, 47 Wash.App. 373, 378, 735 P.2d 92 (1987) (RCW 18.27.040 does not require a plaintiff to sue the contractor and surety in a single action.). Thus, it is reasonable to read RCW 18.27.040(6)'s reference to an action against a contractor and its bond as a single action to recover against the bond.
¶ 19 Both Cosmopolitan and the Court of Appeals discuss the statute's purpose to protect the public, including subcontractors like Cosmopolitan, "from unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140; N. Coast Air Servs., Ltd. v. Grumman Corp., 111 Wash.2d 315, 321, 759 P.2d 405 (1988) (we may examine legislative declarations of purpose to assist in determining plain meaning). They also refer to International Commercial Collectors, Inc. v. Carver, 99 Wash.2d 302, 304, 661 P.2d 976 (1983) in which this court described the registration statute as "a comprehensive scheme." Cosmopolitan claims that the broad scope of chapter 18.27 RCW makes it likely that the legislature intended to authorize attorney fees in breach of contract actions against contractors as well as actions against their bonds.
¶ 20 Interpreting RCW 18.27.040(6) as Cosmopolitan and the dissent suggest would certainly be protective of prevailing homeowners, subcontractors, and suppliers. However, the context of the statutory scheme is important. City of Olympia, 156 Wash.2d at 295, 126 P.3d 802; Advanced Silicon, 156 Wash.2d at 89-90, 124 P.3d 294. While contractor registration in general, and bond requirements in particular, are obviously intended to protect the public from irresponsible contractors, this purpose should not necessarily be used to extend the protections beyond the mechanisms expressly provided for in the relevant statute. The dissent simply ignores the placement of the attorney fee provision within RCW 18.27.040, the bonding statute. Had the legislature intended the attorney fee provision to apply to more than suits against the bond, it could have located the attorney fee provision elsewhere in the statutory scheme. Furthermore, under the dissent's reading of the statute, a plaintiff suing to recover both from the contractor and the contractor's bond could recover attorney fees from the contractor personally, but a plaintiff who chose to file only against the contractor, but not the bond, could not recover those same attorney fees. It would be illogical for the legislature to make attorney fee recovery against the contractor dependent upon whether the plaintiff also filed suit against the bond. After considering the entire context of RCW 18.27.040, it seems clear that the legislature intended subsection (6)'s attorney fee provision to be limited to actions against the bond.[3]
*672 ¶ 21 Even if the legislature's reference to a suit against the contractor and the bond renders the provision ambiguous, aids of statutory construction including legislative history produce the same result. According to one principle of statutory construction, statutes in derogation of the common law must be construed narrowly. See, e.g., Price v. Kitsap Transit, 125 Wash.2d 456, 463, 886 P.2d 556 (1994) ("a statute will not be construed in derogation of the common law unless the Legislature has clearly expressed its intention to vary it"); see also Lumberman's of Wash., Inc. v. Barnhardt, 89 Wash.App. 283, 286, 949 P.2d 382 (1997). As noted above, the common law rule in Washington is the American rule, which can be overcome by statute, contract, or recognized ground in equity. Parties to a construction contract can, and often do, include an attorney fee provision in their contracts. Had the legislature intended to replace the American rule and the prevailing system of contractual attorney fee provisions in construction contracts, it would have done so more explicitly. Without clear expression of intent from the legislature, we decline to interpret RCW 18.27.040(6) to alter the American rule in actions against contractors for breach of contract.
¶ 22 The Court of Appeals and Cosmopolitan point out that limiting attorney fees to the amount available under the bond would not generally provide adequate relief for plaintiffs because the bond would rarely be sufficient to cover both the contractor's liability and attorney fees. Cosmopolitan, 128 Wash.App. at 892, 117 P.3d 1147. The dissent also argues that allowing the prevailing party to receive attorney fees only in an action against the bond means that a prevailing plaintiff's attorney fees would always be limited by the amount of the bond, but a prevailing contractor's fees would not. The dissent argues that reading the statute to allow this one-sided limitation creates an absurd result.
¶ 23 However, the language of the statute and its legislative history indicate the legislature was cognizant of the limited protection provided by the required bond. The statute expressly limits the aggregate recovery from the surety to the amount of the bond. RCW 18.27.040(6). The legislature accounted for the limitations of the bond by providing a prioritized list of how payments from bonds should be made. RCW 18.27.040(4).
¶ 24 The legislative history of the statute also reflects the legislative committees' understanding that the bonding statute could not completely insure against loss. RCW 18.27.040(6) was added in 2001 as part of broad amendments to the registration statute. Laws of 2001, ch. 159, § 3 (amending RCW 18.27.040 in part by adding subsection (6)). Review of the remarks on the House floor as well as in committee hearings shows that throughout the legislative process, the 2001 amendments to the statute were the subject of intense negotiations among concerned legislators, the Department, suppliers, subcontractors, general contractors, and interest groups. E.g., H. Floor Deb. (Wash. Apr. 10, 2001), audio recording by TVW, Washington State's Public Affairs Network, available at http://www.tvw.org; H. Commerce & Labor Comm. Hearing (Wash. Mar. 30, 2001), audio recording by TVW, Washington State's Public Affairs Network, available at http://www.tvw.org; H. Commerce & Labor Comm. Hearing (Wash. Mar. 28, 2001), audio recording by TVW, Washington State's Public Affairs Network, available at http://www.tvw.org. There was significant debate about the appropriate bond amount, and the amount originally proposed was reduced as the legislation progressed. H.B. 1635, 57th Leg., Reg. Sess., at § 3(1) (Wash. *673 2001); S.B. 5101, 57th Leg., Reg. Sess., at § 3(1) (Wash.2001); H.B. Rep. on H.B. 1635, 57th Leg., Reg. Sess., at 6 (Wash.2001); H.B. Rep. on Substitute S.B. 5101, 57th Leg., Reg. Sess., at 5 (Wash.2001) (including complaints that bond amounts should be higher). While the purpose of the legislation was to provide consumer protection, the legislature recognized that the bonding statute could not provide complete protection in the face of countervailing considerations such as the cost involved for contractors in obtaining these bonds.[4]
¶ 25 In contrast to the provision setting the bond amount, the attorney fee provision was not the subject of significant debate. Bills amending the registration statute were originally introduced in both the House and the Senate. H.B. 1635, supra; S.B. 5101, supra. Neither original bill contained the attorney fee provision. H.B. 1635, at § 3, supra; S.B. 5101, at § 3, supra. The attorney fee provision was added to substitute bills in both houses and each used identical language for this provision. Substitute S.B. 5101, 57th Leg., Reg. Sess., at § 3(6) (Wash. 2001); Substitute H.B. 1635, 57th Leg. Reg. Sess., at § 3(6) (Wash.2001).
¶ 26 While the Senate Bill Reports contain no mention of the attorney fee provision, the House Bill Report outlines the differences between the original version of House Bill 1635 and the substitute version. H. Bill Rep. on H.B. 1635, supra at 4-5. Included in this description is an explanation that under the Substitute House Bill, "[t]he prevailing parties in actions against bonds are permitted to recover attorneys' fees and costs." Id. at 5 (emphasis added).[5] To the extent that bill reports enlighten us on legislative intent, the bill report indicates that the legislature understood the attorney fees provision to apply only to suits against the bonds. In sum, even if the language of RCW 18.27.040(6) is ambiguous, its legislative history indicates the legislature intended the attorney fee provision to apply only to actions against a contractor's bond.
¶ 27 Had the legislature intended to depart from the American rule in breach of contract suits against contractors, it could have done so more explicitly, at the very least by removing the attorney fee provision from the statutory section dealing entirely with suits against contractors' bonds. While the bond amount will not always be sufficient to provide complete relief to complaining parties, the legislature recognized this limitation. We hold that in actions against the contractor, attorney fees will continue to be governed by the American rule or by contract.[6] Because Cosmopolitan is not the prevailing *674 or substantially prevailing party, we deny its request for attorney fees on appeal. RCW 18.27.040(6); RAP 14.2.

III

Conclusion
¶ 28 Considering RCW 18.27.040 in its entirety, subsection (6) of that statute was intended to authorize attorney fees for the prevailing party only in actions against a contractor's bond. The legislative history and other principles of statutory construction support this conclusion. The trial court was correct to limit its award of attorney fees to the amount available under the applicable bond. We therefore reverse the Court of Appeals. Because Cosmopolitan is not the prevailing or substantially prevailing party on appeal, we decline to award attorney fees on appeal.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, CHARLES W. JOHNSON, BARBARA A. MADSEN, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST and JAMES M. JOHNSON, Justices.
SANDERS, J. (dissenting).
¶ 29 This action involves the plain meaning of a statutory entitlement to an award of reasonable attorney fees. RCW 18.27.040(6) provides:
The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to a construction contract, is entitled to costs, interest, and reasonable attorneys' fees. The surety upon the bond is not liable in an aggregate amount in excess of the amount named in the bond nor for any monetary penalty assessed pursuant to this chapter for an infraction.
¶ 30 To distill the facts to their essence, Ondeo Degremont, Inc. subcontracted with Cosmopolitan Engineering Group for engineering services; however, Ondeo did not pay Cosmopolitan's bill. Thereafter Cosmopolitan initiated an action under chapter 18.27 RCW[1] against the bonded general contractor (Ondeo) and National Fire Insurance Co./Hartford (the surety) which provided Ondeo's general contractor's bond. Although Cosmopolitan eventually obtained a judgment of over $100,000 against Ondeo, only about $3,000 in reasonable attorney fees could be satisfied from the surety. The issue here is whether under the cited statute a general contractor is liable not only for the remaining principal balance of the judgment but also the remainder of Cosmopolitan's reasonable attorney fees. The trial court said no; however, the Court of Appeals said yes in what the amicus brief of the Building Industry Association of Washington (BIAW) criticized as a "literal reading of the statute." Amicus Curiae Mem. of the BIAW in Support of Pet. for Review at 3 (Wash. Ct. of App. No. 31771-1-II).
¶ 31 If a literal reading of the statute is error, I must confess it as well. However the majority opinion certainly avoids any criticism of the kind. In fact the entire majority opinion seems to be dedicated to the proposition that this statute doesn't mean what it says.
¶ 32 First, Cosmopolitan is obviously "[t]he prevailing party in an action filed under this section against the contractor and contractor's bond. . . ." RCW 18.27.040(6). It is "prevailing" because it obtained a judgment over $100,000. The action was "filed under this section" because this action was a special statutory action filed under chapter 18.27 RCW. Moreover the defendants are "the contractor and [the] contractor's bond." Therefore Cosmopolitan (the prevailing party) "is entitled to costs, interest, and reasonable attorneys' fees." Id. There is one proviso, however, and that is, "[t]he surety upon the bond is not liable in an aggregate amount in excess of the amount named in the bond. . . ." Id. The surety is National Fire; *675 Ondeo is not the surety, it is the principal. Therefore this language does not limit any award of attorney fees against Ondeo to which Ondeo would otherwise be entitled under the first sentence of the provision. Indeed the BIAW is rightthis certainly is a "literal" reading of the statute; it is the plain meaning of the statute. The Court of Appeals got it right; our majority gets it wrong. The Court of Appeals should therefore be affirmed because as the majority puts it, "[w]here the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent." Majority at 669. Nothing more need be said.
¶ 33 Although that should resolve the matter in favor of Cosmopolitan, I further observe any other reading of the statute simply does not make sense. In fact the majority recognizes the problem:
The dissent also argues that allowing the prevailing party to receive attorney fees only in an action against the bond means that a prevailing plaintiff's attorney fees would always be limited by the amount of the bond, but a prevailing contractor's fees would not. The dissent argues that reading the statute to allow this one-sided limitation creates an absurd result.
Majority at 672. But how does the majority answer this quandary? It doesn't. Let us suppose plaintiff Cosmopolitan lost the action against Ondeo and the surety. Under that scenario Ondeo would be entitled to an award of reasonable attorney fees against Cosmopolitan without limitation, whereas under the majority's view if Cosmopolitan won it would receive minimal or no reasonable attorney fees. I cannot imagine why any sane legislator would envision such a result. In fact the public policy of this State expressed elsewhere favors reciprocity of attorney fee obligations, contrary contractual provisions notwithstanding. See, e.g., RCW 4.84.330.[2]
¶ 34 The majority's foray into legislative history is at best pointless although more realistically irrelevant obfuscation. For example, the majority tells us, "[t]he legislative history of the statute also reflects the legislative committees' understanding that the bonding statute could not completely insure against loss." Majority at 672. Yes, but of course. A bond only insures up to the face amount of the bond. It cannot "completely insure against loss" above that amount. However that is hardly an argument for immunizing a party which breached the contract from a statutory award of reasonable attorney fees.
¶ 35 The majority tells us, "[i]n contrast to the provision setting the bond amount, the attorney fee provision was not the subject of significant debate." Majority at 673. Is this the best argument the majority can conjure against following the plain and literal language of the statute?
¶ 36 The majority continues:
To the extent that bill reports enlighten us on legislative intent, the bill report indicates that the legislature understood the attorney fees provision to apply only to suits against the bonds.
Majority at 673. Well, if the statute were only to apply to suits against the bonds, why did its express language relate to suits "against the contractor and contractor's bond"? RCW 18.27.040(6) (emphasis added).
¶ 37 And then the majority concludes by saying, "[h]ad the legislature intended to depart from the American rule in breach of contract suits against contractors, it could have done so more explicitly." Majority at 673. But what could be more explicit than saying, "[t]he prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to a construction contract, is entitled to costs, interest, and reasonable attorneys' fees"? RCW 18.27.040(6).
¶ 38 I fear the raison d'etre for the majority opinion is simply that it would prefer the *676 legislature had not created a right to recover reasonable attorney fees under these circumstances, so now the majority will repeal the enactment by judicial fiat. To that pronouncement I have no response other than,
¶ 39 I dissent.
NOTES
[1] The parties in this case agree that $3,000 (one-half the bond amount) was the maximum allowed by statute because RCW 18.27.040(5) reserves one-half of the bond amount for residential homeowners. However, we note that RCW 18.27.040(5) requires that the amount paid from a specialty contractor's bond or deposit to claimants other than residential homeowners must not exceed one-half of the bond or $4,000, whichever is greater.
[2] The dissent ignores plain language of RCW 18.27.040(6), which refers specifically to actions filed under this section, meaning RCW 18.27.040, not actions filed under chapter 18.27 RCW or actions only against contractors. As discussed in detail above, RCW 18.27.040 deals with bonds and actions filed against those bonds.
[3] In its supplemental brief, Ondeo seems to argue that RCW 18.27.040 does not apply to any suit between a contractor and a subcontractor. Suppl. Br. of Ondeo at 3. However, the cases cited do not go as far as Ondeo implies. Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co., 105 Wash.2d 353, 355 n. 1, 359 n. 4, 365-66, 715 P.2d 115 (1986) (holding that an upper tier contractor cannot recover against a lower tier subcontractor's bond but expressly stating that a lower tier contractor can recover against the bond posted by an upper tier contractor under RCW 18.27.040). We have reasoned that allowing suppliers to recover against the bond helps prevent a supplier from resorting to a lien against the consumer's property. See Carver, 99 Wash.2d at 308, 661 P.2d 976. The same reasoning applies to subcontractors. Stewart, 105 Wash.2d at 365-66, 715 P.2d 115. Allowing subcontractors to recover against an upper tier contractor's bond ultimately helps to protect the consumer. Thus, we reiterate that subcontractors can recover against an upper tier contractor's bond.
[4] The dissent argues that this interpretation results in one-sided recovery under which only plaintiffs are limited by the amount of the bond. We need not resolve this issue to decide this case, and RCW 18.27.040(6) does not necessarily require this result. The statutory language could just as easily be read to limit the amount of attorney fees for both sides to the amount of the bond. However, even if the dissent were correct, committee reports, hearing testimony, and the legislative history materials on file with the Washington State Archives reveal that legislators were inundated with accounts of irresponsible contractors who took consumers' payments but did not pay their suppliers and subcontractors. This typically left the consumer vulnerable to a lien on the property. H. Floor Deb. (Apr. 10, 2001), supra; H. Commerce & Labor Comm. Hearing (Mar. 28, 2001), supra. Thus, it is entirely possible that that the legislature simply did not consider that a contractor might prevail in an action against the bond and then seek attorney fees.
[5] While this explanation occurred in the context of House Bill 1635, it discusses language identical to the attorney fee provision eventually adopted by the legislature in Substitute Senate Bill 5101. Moreover, legislative history materials on file with the Washington State Archives make it clear that when the House Committee on Commerce and Labor considered Senate Bill 5101, it referred back to its discussions on House Bill 1635. Chart Comparing Substitute House Bill 1635 with Substitute Senate Bill 5101; H. Commerce & Labor Comm. Hearing (Mar. 28, 2001), supra.
[6] At the Court of Appeals, Ondeo argued that by its plain language, RCW 18.27.040(6) applies only to breach of contract claims and there was insufficient evidence in the record to determine whether Cosmopolitan prevailed on breach of contract, rather than on an equitable theory of promissory estoppel or unjust enrichment. The Court of Appeals declined to address this argument. Cosmopolitan, 128 Wash.App. at 893-94, 117 P.3d 1147. We also decline to address this issue as its resolution is not necessary to decide this case.
[1] The majority claims attorney fees are available only under RCW 18.27.040, not chapter 18.27 RCW. Even if so, subsection .040 specifically provides for "[s]ervice of process in an action against the contractor," RCW 18.27.040(3), and of course specifically establishes the entitlement to reasonable attorney fees in "The prevailing party in an action filed under this section against the contractor and contractor's bond. . . ." RCW 18.27.040(6) (emphasis added).
[2] In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

RCW 4.84.330.