IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| MANDON FOLEY, a married man, | No. 50922-9-II |
| Appellant, | |
| v. | |
| JIM BAYS HOMES, LLC, a Washington state limited liability company, | UNPUBLISHED OPINION |
| Respondent, | |
| AUSTIN SUMMERS, LLC, a Washington state limited liability company; and LEXON INSURANCE COMPANY, Bond No. 9817383, a Washington state insurer, | |
| Defendants. | |

CRUSER, J. — Mandon Foley appeals an award of attorney fees and costs to Jim Bays Homes LLC as the prevailing party on Foley's claim under the "Registration of Contractors Act" (registration act), ch. 18.27 RCW. Foley argues that the trial court erred when it awarded attorney fees and costs to Bays pursuant to RCW 18.27.040(6) because he did not allege a breach of a residential construction contract. Foley also appeals the trial court's order granting summary dismissal of his claim against Bays' contractor's bond and the surety that issued the bond because,

he argues, the registration act provides a mechanism for members of the public to recover against a contractor's surety bond.

We affirm the summary dismissal of Foley's claim pursuant to the registration act against Bays' bond and the issuing surety. However, we reverse the trial court's order on attorney fees and costs to Bays because Foley did not allege a breach of a residential construction contract.

Thus, we affirm in part and reverse in part.

FACTS

Foley and Austin Summers LLC[1] owned neighboring properties in Puyallup, Washington. In 2015, Summers hired Bays, a licensed contractor, to construct a single-family home on its property. Bays obtained a bond as required by RCW 18.27.040(1) from Lexon Insurance Company.

In January 2016, Foley served Summers and Bays with an unfiled complaint seeking damages by asserting trespass and timber trespass claims. Foley alleged that Bays entered his property and unlawfully cut and removed his trees in June 2015. Foley's complaint did not contain a breach of contract claim or allege that Foley entered into a contract with Summers or Bays. Foley also brought a cause of action under RCW 18.27.040(3) against Lexon as the surety that issued Bays' contractor's registration bond.[2]

---

[1] Austin Summers LLC is not a party to this appeal.

[2] Bays was contractually obligated to defend Lexon from any claims brought against the bond and was responsible for attorney fees incurred by Lexon pursuant to an indemnity agreement.

In March 2016, Foley filed his complaint. Foley did not serve the issuing surety or the Department of Labor and Industries (L&I) with copies of the summons and complaint, as required by RCW 18.27.040(3), until March 2017.

Bays moved to dismiss Foley's claim against its bond and the issuing surety pursuant to CR 12(b)(6). In its motion, Bays argued that Foley was not in the class of persons intended to be protected by the registration act because Foley did not have a contractual agreement with Bays. Bays also sought attorney fees and costs under RCW 4.84.185[3] and sanctions under CR 11.[4]

In response to the motion, Foley argued that as a member of the public, he was entitled to the registration act's protections even in the absence of a contractual agreement. Alternatively, Foley's counsel argued that Foley did, in fact, have a verbal contract with Bays. The relevant colloquy is as follows:

> THE COURT: Who did your client contract with, anyone?
> [Foley]: My client did not contract with anyone except for and to the extent that the client -- or the Court is inclined to require my client to have a contract.

---

[3] RCW 4.84.185 states in relevant part,

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action was . . . frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . or defense.

[4] CR 11(a) states in relevant part,

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name. . . . The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.

> THE COURT: No, I'm not asking that. I asked: Did your client contract with anyone? A straightforward question.
>
> [Foley]: Yeah, I don't think that my client contracted with Mr. Bays to do any work, but I will say --
>
> . . . .
>
> [Foley]: that if you look at the verified Complaint -- and it doesn't specify this, but I'll represent to the Court that when it's referenced to the Court that, "based upon prior communications," . . . "with Mr. Bays," my understanding is that they specifically had a conversation about these trees and that Mr. Bays asked if he could clear them. Mr. Foley said, "No." You know, whether or not that constitutes a verbal contract to not do something, you know, I think, is something that the Court -- it's not to be decided today, but it's something the Court should take into consideration in terms of, you know, this contractual requirement.

Clerk's Papers (CP) at 169-70. Foley also stated,

> [Foley]: My reasoning for stating that is even to the extent the Court would require a contract, obviously, there's some type of verbal or written contract between us and Summers and Jim Bays Homes, LLC -- that's where the work was being done.

*Id.* at 170.

The trial court granted Bays' motion to dismiss. However, the trial court denied Bays' request for fees and costs under RCW 4.84.185 and its request for sanctions under CR 11. Bays then moved for fees and costs pursuant to RCW 18.27.040(6) of the registration act. RCW 18.27.040(6) provides in part,

> The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to the construction contract involving a residential homeowner, is entitled to costs, interest, and reasonable attorneys' fees.

Bays argued that it was entitled to fees and costs as the "prevailing party" on Foley's bond claim because Foley necessarily brought his bond claim as a residential homeowner. CP at 145-48. Bays claimed that Foley brought his claim as a residential homeowner because he commenced his suit against Bays' surety within the statute of limitations period allotted for residential

4

homeowners.[5] Bays also cited to Foley's counsel's claim during argument on Bays' motion to dismiss that Foley had an oral contract with Bays that provided the basis for his claim under the registration act.

In response to Bays' motion for fees pursuant to RCW 18.27.040(6) of the registration act, Foley argued that Bays was not entitled to fees under the plain language of the statute because Foley's complaint did not allege a breach of contract claim, Foley did not enter into a construction contract with Bays, and the trial court previously determined that Foley was not a member of the class of persons intended to be protected under the registration act. The trial court found that Foley brought an action under RCW 18.27.040(3) and, "as the prevailing party, [Bays] is entitled to attorney fees" under RCW 18.27.040(6). Verbatim Report of Proceedings at 17 (June 16, 2017). The trial court entered an order for an award for attorney fees and costs pursuant to RCW 18.27.040(6) on August 11, 2017.

Foley moved for revision of the "Judgment for Attorney's Fees and Costs so that [it is] entered as in the form of an order" pursuant to CR 54.[6] CP at 296. Bays also moved to amend the

---

[5] An action against a bond brought by a residential homeowner for breach of a construction contract is subject to a two-year statute of limitations. RCW 18.27.040(3). An action against a bond brought by any other authorized party is subject to a one-year statute of limitations. RCW 18.27.040(3).

[6] CR 54(a)(1) states the following:

> A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies. A judgment shall be in writing and signed by the judge and filed forthwith as provided in rule 58.

CR 54(b) provides that when an action presents multiple claims or parties, the court may enter a final judgment as to one or more, but not all, of the claims or parties if directed by a party and if the court determines "that there is no just reason for delay." The court must support its determination by written findings. CR 54(b). A trial court order or decision as to one or more, but not all, of the claims or parties may also be revised to add written findings "that there is no just reason for delay" before the entry of a judgment as to all claims and all parties. CR 54(b).

order on fees pursuant to CR 54(b). The trial court denied Foley's motion for revision, but amended the order on fees pursuant to CR 54(b).

The trial court entered its amended order for an award of attorney fees and costs pursuant to RCW 18.27.040(6) of the registration act. The court found that Bays was the prevailing party on Foley's bond claim, and that Foley's claim against Bays' bond and the issuing surety was a separate and distinct action and appropriately segregated from Foley's remaining claims. The court also found that there was no reason for delaying the entry of the order as a final judgment.

Foley appeals the trial court's order dismissing his bond claim and the trial court's amended order on fees.

## DISCUSSION

### I. RCW 18.27.040(3) "BOND CLAIM"

Foley argues that the trial court erred when it dismissed his claim against Bays' registration bond and the issuing surety under RCW 18.27.040(3) of the registration act and, although not designated in his notice of appeal, the order of dismissal is properly before us pursuant to RAP 2.4(b).

We hold that the order summarily dismissing Foley's claim against Bays' bond and the issuing surety is properly before us, and the trial court properly dismissed Foley's claim and the issuing surety under RCW 18.27.040(3).

A.  REVIEWABILITY OF THE TRIAL COURT'S ORDER

Relying on RAP 2.4(b), Foley argues that we should review the trial court's order of summary dismissal even though it was not designated in his notice of appeal.[7]  We agree.

RAP 2.4(b) provides that

[t]he appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.  A timely notice of appeal of a trial court decision relating to attorney fees and costs does not bring up for review a decision previously entered in the action that is otherwise appealable under rule 2.2(a) unless a timely notice of appeal has been filed to seek review of the previous decision.

A previous order prejudicially affects an order designated in a notice of appeal if the order appealed "'must stand or fall based on the findings and conclusions the trial court entered in support of the'" previous order.  *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 379, 46 P.3d 789 (2002) (quoting *Franz v. Lance*, 119 Wn.2d 780, 782, 836 P.2d 832 (1992)).  In other words, the order appealed would not have occurred but for the previous order.  *Id.* at 380.

Here, Foley appealed the trial court's amended order granting fees and costs to Bays.  The trial court granted fees and costs pursuant to RCW 18.27.040(6) of the registration act based on the court's previous dismissal of Foley's claim against Bays's bond and the issuing surety from the action.  The trial court found that Bays was the prevailing party on the bond claim, which was relayed in the previous undesignated order and formed the basis for granting fees.  Accordingly,

---

[7] Foley never moved to amend the trial court's order summarily dismissing his claim into a final, appealable order under CR 54(b).  Thus, Foley never filed a notice of appeal pertaining to the trial court's order summarily dismissing his claim.

the order dismissing Foley's bond claim and the issuing surety prejudicially affected the order granting fees, and the order granting fees cannot be decided without first considering the merits of the order dismissing the bond claim.

Bays argues that under RAP 2.4(b), Foley's timely appeal of the trial court's amended order on fees did not bring up the order of dismissal as an "otherwise appealable order." Bays relies on *Carrara, LLC v. Ron & E Enterprises, Inc.*, which similarly involved an appeal of an order granting attorney fees and costs. 137 Wn. App. 822, 824-25, 155 P.3d 161 (2007). However, in *Carrara*, the order granting fees and costs was entered after the entry of a final judgment dismissing all claims against all parties in compliance with CR 54(b). *Id*. at 824-25.

Here, the trial court's order dismissing Foley's claim against Bays' bond and the issuing surety was not a final judgment because it did not comply with CR 54(b) and RAP 2.2(d).[8] RAP 2.4(b). The order of dismissal did not resolve the remaining trespass and timber trespass claims against Bays and Summers and was not supported by written findings that there was no just reason for delay as required by CR 54(b). Because it did not comply with CR 54(b)'s requirements and did not resolve all claims before the trial court, the order of dismissal was not an otherwise appealable final order and *Carrara* does not control. Accordingly, we accept review of the trial court's order dismissing Foley's claim against Bays' bond and the issuing surety.

---

[8] RAP 2.2(d) provides, in relevant part,
> In any case with multiple parties or multiple claims for relief, or in a criminal case with multiple counts, an appeal may be taken from a final judgment that does not dispose of all the claims or counts as to all the parties, *but only after an express direction by the trial court* for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay.

(Emphasis added.)

B.  RCW 18.27.040(3)

Foley argues that the trial court erred when dismissing his claim against Bays' registration bond and the issuing surety under RCW 18.27.040(3) because he is within the class of persons protected by the registration act.  Foley argues that due to its remedial nature, the statute should be "liberally construed" to protect members of the public, like Foley.  Appellant's Opening Br. at 21. We disagree.

1.  LEGAL PRINCIPLES

Here, when considering Bays' motion to dismiss pursuant to CR 12(b)(6), the trial court considered materials outside of the pleadings.  Under CR 12(b)(6), a defendant may move to dismiss where a plaintiff's pleadings do not state a claim for which relief can be granted.  However, if the court considers matters outside of the pleadings when deciding a dispositive motion under CR 12(6), the motion must be treated as one for summary judgment pursuant to CR 56.  CR 12(b)(7); *Berst v. Snohomish County*, 114 Wn. App. 245, 251, 57 P.3d 273 (2002).  Accordingly, we review the motion under summary judgment standards.  *Berst*, 114 Wn. App. at 251.

We review summary judgments de novo.  *Specialty Asphalt & Constr., LLC v. Lincoln County*, 191 Wn.2d 182, 191, 421 P.3d 925 (2018).  The moving party is entitled to summary judgment as a matter of law "when there is no genuine issue as to any material fact."  *Id*.  We construe all facts and inferences in favor of the nonmoving party to determine whether an issue of material fact exists.  *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation."  *Id*.

We review questions of law de novo. *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wn. App. 352, 358, 110 P.3d 1145 (2005). Statutory interpretation is a question of law. *Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 298, 149 P.3d 666 (2006). "Our purpose when interpreting a statute is to 'discern and implement the intent of the legislature.'" *Id.* (internal quotation marks omitted) (quoting *City of Olympia v. Drebick*, 156 Wn.2d 289, 295, 126 P.3d 802 (2006)). Where the meaning of a statute is plain on its face, the court "must give effect to that plain meaning as an expression of legislative intent." *Id.* In discerning the plain meaning of a provision, a reviewing court considers "the context of the entire act as well as any 'related statutes which disclose legislative intent about the provision in question.'" *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)). When a statute is ambiguous, we resort to aids of construction, including legislative history. *Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 299.

Here, the issue on appeal is whether, as a matter of law, the trial court erred when ruling Foley was statutorily prohibited from bringing a claim against Bays' bond and the issuing surety pursuant to RCW 18.27.040(3) of the registration act.

2.  PERSONS PROTECTED UNDER THE REGISTRATION ACT

The registration act requires every contractor in the State of Washington to register with L&I a surety bond issued by a surety insurer. RCW 18.27.010(2), .020(1), .040(1). The purpose of the act is to "afford protection to the public including all persons, firms, and corporations furnishing labor, materials, or equipment to a contractor from unreliable, fraudulent, financially

irresponsible, or incompetent contractors." RCW 18.27.140. The bond must be conditioned so that the contractor

> will pay all persons performing labor, including employee benefits, for the contractor, will pay all taxes and contributions due to the state of Washington, and will pay all persons furnishing material or renting or supplying equipment to the contractor and will pay all amounts that may be *adjudged against the contractor* by reason of *breach of contract* including improper work in the conduct of the contracting business.

RCW 18.27.040(1) (emphasis added). Clearly, "an action against the bond must also necessarily claim that a contractor breached a contract or failed to pay." *Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 300.

### 3. THE TRIAL COURT PROPERLY DISMISSED FOLEY'S BOND CLAIM

Foley argues that the trial court erred when it concluded that he could not bring a claim against Bays' bond under the registration act because the act is a remedial consumer protection statute and should be "liberally construed in favor of those parties, e.g. consumers, they are intended to protect." Appellant's Opening Br. at 20. Foley cites to *Jametsky* in support of his position. 179 Wn.2d at 762. Although *Jametsky* supports his statement that we construe consumer protection statutes liberally, the court stated in *Jametsky* that we must construe the statutes "in accordance with the *legislative purpose* behind them" and "in favor of the consumer they *aim to protect*." *Id.* at 763, 765 (emphasis added). RCW 18.27.350, which specifically addresses the Consumer Protection Act, ch. 19.86 RCW, states that "consumers of this state have a right to be protected from unfair or deceptive acts or practices when they *enter into contracts* with contractors." (Emphasis added.) Even if the registration act is construed liberally, the plain language does not contemplate protecting a plaintiff that has not entered into a contract with the defendant, a bonded contractor.

Foley next argues that he should be protected by the registration act because the "[l]egislature is clear in that the purpose of requiring contractors to register is to protect the public" from "'unreliable, fraudulent, financially irresponsible, or incompetent contractors.'" Appellant's Opening Br. at 21 (boldface omitted) (quoting RCW 18.27.140). However, the purpose is fulfilled by limiting suits against a contractor and a contractor's bond for breach of contract claims when a contractor breaches a contract or fails to pay. *See Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 300-01 (differentiating between actions against a contractor and actions against the contractor's bond). Additionally, regardless of the general purpose of the registration act, RCW 18.27.040(1) states that the bond must be conditioned to pay "all persons performing labor . . . for the contractor, . . . furnishing material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of breach of contract including improper work in the conduct of the contracting business."

Foley also relies on *Stewart v. Hammond*, 78 Wn.2d 216, 471 P.2d 90 (1970), in support of his argument that we should construe the registration act to protect members of the public that do not contract with a contractor. However, Foley's reliance is misplaced because *Stewart* involves a breach of construction contract claim where the contractor failed to register a bond pursuant to the registration act. *Id.* at 218. Therefore, *Stewart* does not apply to the present case.

"While contractor registration in general, and bond requirements in particular, are obviously intended to protect the public from irresponsible contractors, this purpose should not necessarily be used to extend the protections beyond the mechanisms expressly provided for in the relevant statute." *Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 302. The trial court did not err by giving effect to the plain meaning of RCW 18.27.040(3) and dismissing Foley's claim. We affirm

the trial court's summary dismissal and hold that the plain meaning of RCW 18.27.040(3) does not afford protections to members of the public who do not enter into contracts with contractors pursuant to the registration act.

## II. ATTORNEY FEES PURSUANT TO RCW 18.27.040(6)

Foley argues that the trial court erred in awarding attorney fees and costs to Bays under RCW 18.27.040(6) of the registration act when (1) Foley's complaint did not allege breach of a construction contract, (2) the parties agreed that they never had privity of contract, and (3) the trial court found that Foley was not a member of persons to be protected under the registration act.

Bays counters that the trial court did not err in awarding attorney fees and costs under RCW 18.27.040(6) because Foley (1) brought a claim against a contractor's bond and (2) alleged that the parties entered into a contract during oral argument.[9]

We agree with Foley and hold that the trial court improperly awarded fees and costs under RCW 18.27.040(6).

The general rule that a party in a civil action will pay its own attorney fees and costs can be modified by contract, statute, or a recognized ground in equity. *Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 296-97. The registration act modifies the civil rule by providing an attorney fee and cost provision:

---

[9] Bays also seems to argue that the trial court abused its discretion when it denied Bays' motion for reconsideration, specifically Bays' request for sanctions under CR 11 and RCW 4.84.185. We decline to review Bays' alleged error because Bays is not the appellant and did not seek a timely review of the trial court's decision. RAP 2.4(a).

> The prevailing party in an action filed under this section against the contractor and contractor's bond or deposit, for breach of contract by a party to the construction contract involving a residential homeowner, is entitled to costs, interest, and reasonable attorneys' fees.

RCW 18.27.040(6).

Here, Bays prevailed on Foley's claim filed under RCW 18.27.040(3) against Bays' bond and the issuing surety. Therefore, under RCW 18.27.040(6), Bays is the "prevailing party in an action filed under this section against the contractor and contractor's bond or deposit."

However, Foley's verified complaint did not allege breach of contract. Instead, he alleged a cause of action under RCW 18.27.040(3) and claimed that he is within the class of persons intended to be protected by the registration act. Furthermore, even if we consider Foley's assertion made during oral argument that the parties had an oral contract, Bays still cannot show that the oral contract was a construction contract.[10]

As stated above, we "must give effect to [the] plain meaning as an expression of legislative intent." *Cosmopolitan Eng'g Grp.*, 159 Wn.2d at 298. The scope of the attorney fees provision is clearly and specifically limited to suits for "*breach of contract* by a party to the *construction*

---

[10] Bays also argues that it is entitled to fees under RCW 18.27.040(6) because Foley pleaded his claim within the statute of limitations period reserved for only residential homeowners as defined by RCW 18.27.010(10). Under RCW 18.27.040(3), a residential homeowner claiming breach of a construction contract must commence the action within two years of the alleged wrongdoing. Any other authorized party must commence an action within one year of the alleged wrongdoing. RCW 18.27.040(3). Foley pleaded his claim over one year after the claimed wrongdoing. However, we do not infer actions based on the timing of which a party files a complaint.

*contract*." RCW 18.27.040(6) (emphasis added). Here, although Bays was the prevailing party in an action filed under RCW 18.27.040(3), Foley did not allege a breach of a construction contract. Therefore, we hold that the trial court erred in granting attorney fees and costs under RCW 18.27.040(6).[11]

V. ATTORNEY FEES ON APPEAL

Foley argues that he is entitled to attorney fees and costs on appeal under RCW 18.27.040(6) despite having argued throughout this appeal that he did *not* bring a claim that entitled either party to attorney fees under this section. Under RAP 18.1, a party may recover attorney fees and expenses on appeal if an applicable law grants that right. We deny Foley's request because he was not a party to a construction contract as required by RCW 18.27.040(6).

CONCLUSION

We hold that Foley fails to show that the trial court erred when it summarily dismissed his claim against Bays' registration bond and the issuing surety, Lexon. We also hold that the trial court improperly awarded attorney fees and costs to Bays under RCW 18.27.040(6) and deny Foley's request for fees on appeal.

---

[11] Because we hold that the trial court improperly awarded fees, we do not address Foley's remaining claims that (1) the trial court abused its discretion in awarding fees because Bays waived his fee argument pursuant to ch. 18.27 RCW, (2) the trial court awarded an unreasonable amount of attorney fees, and (3) the trial court erred in certifying the amended order on fees pursuant to CR 54(b).

No. 50922-9-II

We affirm in part and reverse in part.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

CRUSER, J.

We concur:

WORSWICK, P.J.

MELNICK, J.