199 P.3d 980 (2009)
Cheryl DELYRIA and Judy Koch, Respondents,
v.
STATE of Washington, Washington State School for the Blind, Petitioners.
No. 80602-1.
Supreme Court of Washington.
Argued September 23, 2008.
Decided January 29, 2009.
Warren Howard Fischer, Jr., Anne Elizabeth Egeler, Attorney General's Office, Olympia, WA, for Petitioners.
Thomas K. Doyle, Bennett Hartman Morris & Kaplan LLP, Portland, OR, for Respondents.
C. JOHNSON, J.
¶ 1 This case presents a question of statutory interpretation involving the meaning of the term "salary" as it applies to certificated teachers at the Washington State School for the Blind (WSSB). Washington law requires that WSSB teachers' salaries "conform to and be contemporary with" salaries of local school district teachers. RCW 72.40.028 (pay parity statute). This dispute arises because three related statutes governing teacher *981 compensation are not clear about whether supplemental forms of compensation qualify as "salary" for the purposes of the pay parity statute. Namely, this case asks whether compensation based on RCW 28A.400.200(4), which authorizes supplemental payments for school district teachers who take on "additional time, additional responsibilities, or incentives" (the TRI[1] provision), applies to WSSB teachers as "salary." The superior court granted summary judgment in favor of the State, reasoning that the term "salary" in the pay parity statute is ambiguous and the legislature did not intend that WSSB teachers receive the TRI payments granted to school district teachers. The Court of Appeals reversed the trial court, holding that the term "salary" in the pay parity statute is not ambiguous and the statute's plain language entitles respondents to TRI payments or their equivalent. We reverse the Court of Appeals.

FACTS
¶ 2 Respondents Cheryl Delyria and Judy Koch are certificated teachers at WSSB. WSSB is located in the Vancouver School District (VSD). WSSB teachers are state employees. VSD teachers are local school district employees. WSSB and VSD have separate funding sources and collective bargaining processes. VSD pays its teachers a base salary established by the state salary schedule for certificated employees based on educational background and experience. Through VSD's collective bargaining agreement, teachers receive supplemental TRI payments for duties that occur outside of the regular 180-day contract year or regular school hours.
¶ 3 Like VSD, the State pays WSSB teachers' base salaries according to the state salary schedule. Under WSSB's current collective bargaining agreement, respondents also receive exchange time and earn supplemental pay in accordance with the WSSB's financial resources. WSSB's teachers do not receive TRI payments for their additional work. Respondents claim they are entitled to TRI payments or their monetary equivalent because the pay parity statute requires that WSSB salaries "conform to and be contemporary with salaries paid to" VSD certificated teachers. RCW 72.40.028.
¶ 4 On summary judgment, the trial court found in favor of the State, reasoning that TRI payments are not "salary" for the purposes of the pay parity statute because TRI payments are not based on a teacher's experience and background; rather, they are based on the need for overtime compensation. The trial court also found that WSSB teachers have their own forms of supplemental compensation, such as exchange time and additional compensation derived from collective bargaining. The Court of Appeals reversed the trial court, holding that the term "salary" in the pay parity statute is not ambiguous and the statute's plain language entitles respondents to TRI payments or their equivalent. That court further reasoned the State did not sufficiently demonstrate the legislature's intent to exclude WSSB teachers from receiving TRI payments. Savlesky v. Wash. Sch. for the Deaf, 139 Wash.App. 245, 136 P.3d 152 (2006).[2] We granted review of the State's petition. Savlesky v. Wash. Sch. for the Deaf, 163 Wash.2d 1023, 185 P.3d 1195 (2008).

ISSUE
¶ 5 Whether the money paid to VSD teachers under the TRI provision, RCW 28A.400.200(4), is "salary" for the purposes of determining the compensation due WSSB teachers under RCW 72.40.028, the pay parity statute?

ANALYSIS

Standard of Review
¶ 6 The meaning of a statute is a question of law reviewed de novo.

*982 Rules of Construction

¶ 7 The court's fundamental objective is to ascertain and carry out the legislature's intent. If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. We determine the plain meaning of a statutory provision based on the statutory language and, if necessary, in the context of related statutes which disclose legislative intent about the provision in question. If the statutory language is clear, our inquiry ends. However, if after this inquiry, the statute remains susceptible to more than one reasonable meaning, the statute is ambiguous and it is appropriate to resort to aids of statutory construction, including legislative history. See Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont, Inc., 159 Wash.2d 292, 298-99, 149 P.3d 666 (2006).

Relevant Statutory Provisions
¶ 8 In 1980, the legislature passed the pay parity statute.[3] This statute governs WSSB's certificated employee's qualifications and salaries. It states in part:
Salaries of all certificated employees shall be set so as to conform to and be contemporary with salaries paid to other certificated employees of similar background and experience in the school district in which the program or facility is located.
RCW 72.40.028.
¶ 9 In 1985, the legislature passed two additional provisions allowing schools to exceed a 1981 salary cap[4] by providing teachers with supplemental means of compensation. One statute is specific to WSSB, and the other is specific to local school districts like VSD. First, the WSSB-specific provision, former RCW 72.40.110 (Laws of 1985, ch. 378, § 12), authorized supplemental compensation for WSSB employees working more than 40 hours per week. It originally read in part:
Employees required to work in excess of the eight-hour maximum per day or the forty-hour maximum per week shall be compensated by not less than equal hours of compensatory time off or in lieu thereof, a premium rate of pay per hour....
In 1993, the legislature amended this provision. It now states, "`Employees' hours of labor shall follow all state merit rules as they pertain to various work classifications and current collective bargaining agreements [CBAs]." RCW 72.40.110. Pursuant to this statute, WSSB teachers are authorized to negotiate CBAs to provide supplemental compensation.
¶ 10 Second, former RCW 28A.58.093 (Laws of 1985, ch. 349, § 7) authorized school districts to exceed the state salary lid by entering into separate contracts with certificated instructional or classified staff for additional days or additional duties. In 1987, RCW 28A.58.093 and .095 were repealed and replaced with former RCW 28A.58.0951. Laws of 1987, 1 st Ex.Sess., ch. 2. Former RCW 28A.58.0951(4) (1987) authorized local school districts to exceed the state salary limit for its teachers by entering into supplemental contracts for "additional time, additional responsibilities, or incentives." Laws of 1987, 1 st Ex.Sess., ch. 2, § 205. In 1990, the legislature amended and recodified this statute. Laws of 1990, ch. 33, § 381; Laws of 1990, 1 st Ex.Sess., ch. 11, § 2. It now reads in part:
Salaries and benefits for certificated instructional staff may exceed the limitations in subsection (3) of this section only by separate contract for additional time, additional responsibilities, or incentives. Supplemental contracts shall not cause the state to incur any present or future funding obligation.
RCW 28A.400.200(4).
¶ 11 Since the passage of the pay parity statute, WSSB teachers' base salaries have been equivalent to the base salaries of VSD teachers with similar background and experience. WSSB, like VSD, sets base salaries according to the state salary schedule. The *983 legislature appropriates the funds to both VSD and WSSB to cover these base salaries.
¶ 12 The problem arises in this case because after the enactment of the WSSB-specific supplemental pay statute, WSSB contracted with its teachers to pay additional compensation according to the exchange time provision, RCW 72.40.110. VSD, because of its authority to ask voters to pass revenue generating special levies, was able to contract for additional and different dollar compensation than WSSB teachers receive, including TRI payments.[5] Respondent teachers contend that the term "salary" in the pay parity statute includes all forms of compensation teachers receive regardless of the source, including the money paid to teachers under the TRI provision. Supplemental Br. of Resp'ts at 3. The WSSB contends "salary" refers only to the base salary schedule instituted by the State and excludes "supplemental" TRI dollar payments.
¶ 13 RCW 72.40.028, the pay parity statute, does not define the term "salary." Although the dictionary defines "salary" as "fixed compensation paid regularly," this definition alone is not enough to resolve the meaning of the term in this context. Webster's Third New International Dictionary 2003 (2002). This is so because the overall statutory scheme regarding teacher compensation indicates that the legislature intended "salary" to mean something more specific than this plain language definition. Specifically, the existence of two separate statutory provisions addressing supplemental compensation for WSSB and school districts, respectively, indicates that the legislature intended the term "salary" to mean base salary. This conclusion is supported by a reading of the relevant statutes in the context of their legislative history.
¶ 14 The legislature passed the two aforementioned proposals for supplemental compensation, RCW 72.40.110 and RCW 28A.400.200(4). As reflected above, one of the statutes, RCW 72.40.110, specifically addresses supplemental compensation for WSSB teachers, and the other, RCW 28A.400.200(4), specifically addresses supplemental compensation for local school district teachers. If the legislature had passed only RCW 28A.400.200(4), the TRI statute, then that statute would arguably apply to WSSB teachers through the pay parity statute because no provision specific to WSSB teachers would indicate the legislature's intent to increase their compensation through alternative means. However, the legislature did not choose to do so.
¶ 15 Instead, the legislature enacted two separate, but parallel, provisions regarding supplemental teacher compensation. It devised one method of supplemental compensation for local school district teachers and another for WSSB teachers. Under RCW 28A.400.200(4), local district teachers receive supplemental compensation in the form of TRI payments funded by the district's levy authority. Under RCW 72.40.110, WSSB teachers have the ability to negotiate for their own supplemental compensation though the collective bargaining process. Contrary to the Court of Appeals ruling then, the legislature's enactment of these two separate means of supplemental compensation supports the State's argument that the legislature intended the term "salary" in the pay parity statute to mean base salary, excluding any money earned through supplemental TRI compensation.

CONCLUSION
¶ 16 We reverse the Court of Appeals and hold that the term "salary," for the purposes of the pay parity statute, means base salary, excluding TRI compensation. This conclusion is consistent with the WSSB's collective bargaining process which allows WSSB teachers to negotiate for supplemental compensation beyond their base salary. RCW 72.40.110.
¶ 17 WE CONCUR: SUSAN OWENS, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS and TOM CHAMBERS, JJ.
*984 ALEXANDER, C.J. (concurring).
¶ 18 Although I concur in the result the majority reaches in this case, I write separately to set forth my disagreement with certain aspects of the majority opinion.
¶ 19 I disagree with the analysis of the majority opinion to the extent it relies on the legislative history of RCW 28A.400.200(4) (time, responsibility, or incentives (TRI) provision) and RCW 72.40.110 (Washington State School for the Blind (WSSB)specific provision) to support its conclusion regarding the meaning intended by the legislature for the term "salary" in RCW 72.40.028 (pay parity statute). See majority at 982-83. That statute was passed in 1980, whereas the TRI and WSSB-specific provisions were enacted in 1985. Contrary to the majority's conclusion, it could not have been the legislature's intent in 1980 for the meaning of the term "salary" to exclude TRI compensation because such compensation did not exist until 1985. Although I would rely on the legislative history of the provisions, I would do so to conclude that the legislature in 1985 intended for TRI compensation to be excluded from salary in the pay parity statute.
¶ 20 I also disagree with the majority's use of the term "base salary" to define "salary" in the pay parity statute. See majority at 982, 983. I would not use the term "base salary" because it is unnecessary to do so, as the majority could reach the same result by merely holding TRI compensation is not part of the term "salary."
¶ 21 Despite my disagreement with the aforementioned aspects of the majority opinion, I concur in its result based on the plain language of the TRI provision. Specifically, the funding obligation disclaimer in the TRI provision states that "[s]upplemental contracts shall not cause the state to incur any present or future funding obligation." RCW 28A.400.200(4) (emphasis added). Given this statutory language, we cannot hold salary in the pay parity statute includes TRI compensation. To hold otherwise would directly conflict with the TRI provision, as the pay parity statute would cause the State to incur funding obligations to WSSB employees in an amount "contemporary with" any TRI payments the Vancouver School District makes to its employees. See RCW 72.40.028. In sum, I concur with the result the majority reaches based primarily on the plain language of the TRI provision.
WE CONCUR: MARY E. FAIRHURST and BARBARA A. MADSEN, JJ.
NOTES
[1] The acronym TRI stands for time, responsibilities, or incentives.
[2] The parties stipulated at trial court to dismissal of certain plaintiffs, as well as the Washington State School for the Deaf. The caption was reformed to read "Cheryl Delyria and Judy Koch, Plaintiffs v. State of Washington, Washington School for the Blind, Defendants." The caption used by the Court of Appeals is incorrect. The case caption was changed by Supreme Court notation order July 11, 2008, to the reformed caption.
[3] Originally codified as RCW 72.05.140, repealed by laws of 1985, ch. 378, § 35.
[4] Due to a state budget crisis, the legislature passed the school district salary and compensation limitation law. Laws of 1981, ch. 16, § 2. This law provided that maximum salary and compensation levels for district employees must be governed by legislative appropriations.
[5] The Court of Appeals opinion indicates that VSD teachers have received TRI compensation approximately averaging between $2,500 and $2,700 per year. Savlesky, 139 Wash.App. at 248 & n. 4, 136 P.3d 152.