[No. 65372-5-I.   Division One.   September 4, 2012.]

MARK LITCHFIELD, *Petitioner*, v. KPMG, LLP, *Respondent*.

*Catherine Wright Smith* and *Howard M. Goodfriend* (of *Smith Goodfriend PS*); and *Stephen K. Strong* (of *Bendich Stobaugh & Strong PC*), for petitioner.

*George E. Greer* (of *Orrick Herrington & Sutcliffe LLP*); and *Leonard J. Feldman* (of *Stoel Rives LLP*) (*Jennifer A. Landau* and *Michael C. Kelley* of *Sidley Austin*, of counsel), for respondent.

*Kristopher I. Tefft* on behalf of Association of Washington Business, amicus curiae.

*William F. Cronin* and *Barbara J. Kastama* on behalf of Washington Society of Certified Public Accountants, amicus curiae.

¶1  LEACH, C.J. — KPMG appeals the trial court's decision that KPMG audit associates cannot qualify as exempt professional employees under the Washington Minimum Wage Act (MWA)[1] until they have the education and experience required to become a certified public accountant (CPA) under the Public Accountancy Act (PAA).[2] The legislature expressly delegated to the Department of Labor and Industries (Department) the authority to determine who qualifies as a professional exempt from the MWA's overtime requirements. The Department's implementing regulations define a "professional" employee as an individual who (1) earns more than $250 a week, (2) performs work requiring advanced knowledge acquired through a prolonged course of intellectual study, and (3) consistently exercises discretion.[3] Because application of these requirements determines when accountants qualify for the professional exemption, we reverse in part, affirm in part, and remand for proceedings consistent with this opinion.

## FACTS

¶2  KPMG provides its clients with audit, tax, and advisory services in offices throughout the United States. It employs audit associates at entry-level positions in KPMG's audit practice. To qualify for this position, an individual must at least possess a college degree with an accounting concentration.[4] In 2003 and 2004, KPMG employed Mark Litchfield as an audit associate in its Seattle office. Before he started working for KPMG, Litchfield received a bachelor of science degree in accounting. KPMG paid Litchfield

---

[1] Ch. 49.46 RCW.

[2] Ch. 18.04 RCW.

[3] WAC 296-128-530.

[4] Generally, about half of KPMG's new hires have bachelor's degrees in accounting and half have master's degrees in accounting. Occasionally, KPMG will hire a candidate who does not have a degree in accounting but has taken the qualifying coursework.

an annual salary of $41,000, approximately $789 per week. Litchfield did not receive additional compensation for working more than 40 hours in one week.

¶3 In 2007, Litchfield sued KPMG in King County Superior Court on behalf of a putative class of former and current KPMG audit associates, arguing that as an unlicensed accountant he was entitled to overtime during his employment. The trial court certified the case as a class action, defining the class as "[a]ll individuals employed by KPMG in Washington in its audit department as 'audit associates' who while working did not or do not have a license as a Certified Public Accountant."[5] The court identified four questions as common to the class, including

(a) Whether a CPA license is needed to practice as an auditor and be exempt from the overtime law as an auditor;

(b) Whether the unlicensed audit associates are auditor trainees serving an apprenticeship, and thus are required to obtain a CPA license to practice as auditors before they are professionals exempt from overtime;

(c) Whether KPMG is required by law to be independent from and not part of management in conducting its audits and, if so, may KPMG's independent audits of its customers be considered exempt administrative work of the customers;

(d) Whether unlicensed audit associates are required by law to be closely supervised by a CPA licensed auditor, and, if so, can they be performing jobs that are exempt from overtime under either professional or administrative exemptions.

¶4 Litchfield moved for partial summary judgment on these questions. On March 1, 2010, the trial court granted Litchfield's motion in part and denied it in part, ruling, as is relevant here, "It is possible for an unlicensed accountant performing work to assist licensed auditors to qualify for the professional exemption if they have the requisite educational background and the work they actually perform satisfies the elements of the exemption."

---

[5] The class consists of roughly 200 individuals.

¶5 Litchfield moved for reconsideration. The trial court granted Litchfield's motion and permitted him to file a second motion for partial summary judgment. In that motion, Litchfield argued that the trial court should look to the PAA to interpret the requirements of the MWA's professional exemption. Specifically, Litchfield claimed that to qualify for the exemption, audit associates must hold a bachelor's degree with a minimum number of courses in accounting and have accumulated 2,000 hours of work experience. In granting Litchfield's motion on April 22, the trial court "agree[d] with Litchfield and the plaintiff class" that to be an exempt professional, an audit associate must have the education and experience required to apply for a license under the PAA and its implementing regulations.[6] The trial court ruled,

> The minimum educational requirement for assistants of auditors assisting auditors in performing audit work to be exempt from overtime as "professional" employees is at least the bachelor's degree specified in [former] WAC 4-25-710 and, after having received their bachelor's degree, the on-the-job audit work-training experience for a minimum of 2,000 hours over a 12-month period, also specified by [former] WAC 4-25-730. Accordingly, the Court modifies its prior summary judgment order and grants summary judgment in part for the plaintiffs on the professional employee exemption.[7]

¶6 With the agreement of both parties, the trial court certified two issues to our Supreme Court for discretionary review under RAP 2.3(b)(4): (1) whether audit associates working for KPMG in Washington must hold a CPA license before they are professionals exempt from overtime pay under Washington law and (2) whether audit associates working for KPMG in Washington must satisfy the PAA's experience and education requirements to qualify as professionals exempt from overtime pay under Washington

---

[6] Title 4 WAC.

[7] Former WAC 4-25-710 (2005), *recodified as* WAC 4-30-060; former WAC 4-25-730 (2005), *recodified as* WAC 4-30-070.

law. The Supreme Court transferred the case to this court, and a commissioner granted the parties' cross motions for discretionary review on August 18, 2010. The Washington Society of Certified Public Accountants and the Association of Washington Business have filed amicus curiae briefs in support of KPMG's position.

## ANALYSIS

¶7 We accepted discretionary review of the following certified issues related to the meaning of the MWA:

1. Whether unlicensed audit associates need to obtain a CPA license to practice as auditors before they are professionals that are exempt from overtime.

2. Whether the minimum educational requirement for unlicensed individuals performing audit work to be exempt from overtime as professional employees is at least the bachelor's degree specified in [former] WAC 4-25-710 and, after receiving the degree, on-the-job audit work-training experience for a minimum of 2,000 hours over a 12-month period, also specified in [former] WAC 4-25-730.

"The meaning of a statute is a question of law we review de novo."[8] When interpreting statutory language, this court aims to carry out the intent of the legislature.[9] "We determine the plain meaning of a statutory provision based on the statutory language and, if necessary, in the context of related statutes that disclose legislative intent about the provision in question."[10] If a statute's meaning is plain on its face, we give effect to that plain meaning as an expression of legislative intent.[11] Only if statutory language is ambiguous do we resort to aids of construction, including

---

[8] *Broughton Lumber Co. v. BNSF Ry.*, 174 Wn.2d 619, 624, 278 P.3d 173 (2012).

[9] *Ellerman v. Centerpoint Prepress, Inc.*, 143 Wn.2d 514, 519, 22 P.3d 795 (2001).

[10] *Delyria v. Wash. State Sch. for the Blind*, 165 Wn.2d 559, 563, 199 P.3d 980 (2009).

[11] *City of Olympia v. Drebick*, 156 Wn.2d 289, 295, 126 P.3d 802 (2006).

legislative history.[12] The rules of statutory interpretation also apply to the interpretation of regulations.[13]

■ ■ ¶8 To further the goal of protecting employee rights in Washington state, we construe the MWA's exemptions narrowly and apply them only to situations that are "plainly and unmistakably consistent with the terms and spirit of the legislation."[14] The MWA requires an employer to compensate its employees at least one and one-half times the employee's usual hourly wage for all hours worked in excess of 40 per week.[15] However, the requirement to pay overtime does not apply to employees working in a "bona fide executive, administrative, or professional capacity."[16] In the statute, the legislature expressly delegated to the Department's director the authority to define and delimit the terms used in this overtime exemption.[17] Exercising this delegation of authority, the Department defined the phrase "individual employed in a bona fide . . . professional capacity" in its administrative regulations. WAC 296-128--530(5) provides that an employee is an exempt professional if (1) the employee receives compensation of at least $250 per week on a salary basis, (2) the employee's primary duty consists of the performance of work requiring "knowledge of an advanced type in a field of science or learning," and (3)

---

[12] *Drebick*, 156 Wn.2d at 295.

[13] *Mader v. Health Care Auth.*, 149 Wn.2d 458, 472, 70 P.3d 931 (2003). " 'Rules and regulations are to be given a rational, sensible interpretation.' " *Mader*, 149 Wn.2d at 472 (quoting *Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 57, 50 P.3d 627 (2002)).

[14] *Drinkwitz v. Alliant Techsystems, Inc.*, 140 Wn.2d 291, 301, 996 P.2d 582 (2000).

[15] RCW 49.46.130(1); *Drinkwitz*, 140 Wn.2d at 301.

[16] RCW 49.46.130(2)(a), .010(3)(c).

[17] RCW 49.46.010(1), (3)(c) (" 'Employee' . . . shall not include . . . [a]ny individual employed in a bona fide executive, administrative, or professional capacity or in the capacity of outside salesperson as those terms are defined and delimited by rules of the director.").

the employee's primary duty includes "work requiring the consistent exercise of discretion and judgment."[18]

¶9 The parties dispute the meaning of the second factor—what constitutes "knowledge of an advanced type in a field of science or learning." WAC 296-128-530(1)(a) distinguishes advanced knowledge from "a general academic education." The Department's Administrative Policy ES.A.9.5, entitled "Exemption from Minimum Wage and Overtime Requirements for Professional Positions," discusses the distinction between "knowledge of an advanced type" and "a general academic education" in the following provision:

> The learned professions are those requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study that is different from a general academic education, from an apprenticeship, from training in the performance of routine mental, manual, or physical processes. *Generally speaking, it must be knowledge that cannot be attained at the high school level.*[19]

This policy then specifies, " 'customarily' implies that in the vast majority of cases the specific academic training is a prerequisite for entrance into the profession."[20] It distinguishes these learned professions from what it terms "quasi-professions," such as journalism, "in which the bulk of the employees have acquired their skill by experience rather than by any formal specialized training."[21]

---

[18] This "short test" applies only to employees earning $250 or more a week. WAC 296-128-530(5). If an employee does not make $250 or more weekly or is not licensed to practice law, medicine, or dentistry, the employer must prove that the employee has certain additional qualifications. WAC 296-128-530(5); *see also* Administrative Policy ES.A.9.5(6) (issued June 24, 2005).

[19] Administrative Policy ES.A.9.5(8) (emphasis added).

[20] Administrative Policy ES.A.9.5(8).

[21] Administrative Policy ES.A.9.5(8).

¶10 In a separate section, the policy statement discusses whether accountants are exempt professionals. That section reads in part,

Many accountants are exempt as professional employees . . . . However, exemption of accountants, as in the case of other occupational groups, must be determined on the basis of the individual employee's duties and the other criteria in the regulations . . . . [A]ccountants who are not certified public accountants may also be exempt as professional employees if they actually perform work that requires the consistent exercise of discretion and judgment and otherwise meet the tests prescribed in the definition of professional employee.[22]

Importantly, the Department recognizes that some accountants who do not hold a public accountancy license may still qualify as exempt professional employees if they perform work meeting the definition of a "professional" employee. Litchfield does not challenge the authority of the legislature to delegate the definition of terms to the director. Also, he does not claim the director exceeded his delegated authority.[23]

¶11 Given the Department's interpretation, the trial court did not err in its March 1 order when it decided it is "possible for an unlicensed accountant performing work to assist licensed auditors . . . to qualify for the professional exemption if they have the requisite educational background and the work they actually perform satisfies the elements of the exemption."[24]

---

[22] Administrative Policy ES.A.9.5(8.2) (emphasis added).

[23] Where the legislature specifically delegates the power to make regulations to a department administrator, we presume those regulations to be valid. *Kabbae v. Dep't of Soc. & Health Servs.*, 144 Wn. App. 432, 439-40, 192 P.3d 903 (2008). To overcome this presumption here, Litchfield would have had to demonstrate that the Department's definition is inconsistent with the MWA. *See Kabbae*, 144 Wn. App. at 439-40.

[24] The cases that Litchfield cites where courts have found employees exempt because they are licensed do not aid him. Those courts did not decide the question before us. The cases simply confirm that having a license will often suffice for the professional exemption.

¶12 Having so concluded, we turn to the trial court's April 22 ruling that KPMG must pay its audit associates overtime if they do not have the experience and education necessary to apply for a CPA license—that is, 2,000 hours of accounting experience over the course of one year and a bachelor's degree with an accounting concentration.[25] Because this decision ignores the express delegation of authority to the Department to define the terms of the professional employee exemption, the trial court erred by importing the PAA's requirements into the MWA.

¶13 We give great deference to the Department's interpretation of its own properly promulgated regulations, " 'absent a compelling indication' that the agency's regulatory interpretation conflicts with legislative intent or is in excess of the agency's authority."[26] Reading the MWA, its implementing regulations, and the administrative policy together, "bona fide professionals" are exempt if their work requires "advanced knowledge" and the "consistent exercise of discretion." Advanced knowledge is customarily "acquired through a prolonged course of specialized instruction" different from a general education. *Unlicensed* accountants *may be exempt* if their qualifications and duties meet these requirements. The bright line rule that Litchfield proposes was clearly not intended by the legislature and was expressly disavowed by the Department in implementing the MWA.

¶14 In assessing the plain language of a statute, Washington courts look to related statutes only if necessary and

---

[25] Under the regulations implementing the PAA, a candidate for a CPA license must have completed 150 semester hours of college education and must possess a bachelor's degree or higher with an accounting concentration and have acquired 2,000 hours of accounting experience over a 12-month period. Former WAC 4-25-710; former WAC 4-25-730.

[26] *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 884, 154 P.3d 891 (2007) (quoting *Marquis v. City of Spokane*, 130 Wn.2d 97, 111, 922 P.2d 43 (1996)). Washington courts give "this high level of deference to an agency's interpretation of its regulations because the agency has expertise and insight gained from administering the regulation that we, as the reviewing court, do not possess." *Silverstreak*, 159 Wn.2d at 885.

only if those related statutes disclose legislative intent about the provision at issue.[27] The legislature delegated to the Department—not the accountancy board—the authority to define "professional" employees who qualify for the overtime exemption. It did not exclude accountants from this delegation. While the PAA prescribes a certain course of study for those wishing to apply for a CPA license, nothing in either statute indicates that the legislature intended that the director look to the PAA to guide his definition of a "professional" employee. Nothing in the Department's regulations or interpretive policy incorporates the PAA requirements to define "prolonged course of intellectual study" for the purposes of the MWA's advanced knowledge requirement. Litchfield mischaracterizes the PAA when he says it lists the requirements to become a *professional* auditor. Rather, the PAA lists the requirements to be a *licensed* auditor. Therefore, the PAA has no bearing on the MWA.[28] For these reasons, we reverse the trial court's April 22 order granting Litchfield partial summary judgment.

¶15 Our decision leaves unresolved the factual questions of whether KPMG audit associates perform work using advanced knowledge acquired through a prolonged course of intellectual study and whether, in carrying out their duties, audit associates consistently exercise discretion.

---

[27] *Delyria*, 165 Wn.2d at 563.

[28] We note there are also sound policy reasons for rejecting Litchfield's argument that the MWA requires audit associates to be licensed. As the court noted in *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 829 (2011) (footnotes omitted),

This rule would create significantly troubling results. For example, California employers would likely have to pay mandatory overtime to the following hypothetical professionals: a recent medical-school graduate working as a resident at a hospital; a first-year associate at a California law firm who has taken the California bar exam but not yet received his results; a law clerk on the Supreme Court of California who is waiting until after her clerkship to take the bar exam; a senior associate at a New York law firm who temporarily relocates to the firm's California office to handle a trial *pro hac vice*; or a Chicago lawyer who moves to California to do in-house work for a California corporation. These cannot be the results . . . intended.

¶16 Litchfield also claims the trial court erred by denying his motion to strike the declaration of Tammy McCutchen, who served as administrator of the United States Department of Labor's Wage and Hour Division from 2001 to 2004.[29] We decline to address Litchfield's argument because it is beyond the scope of this discretionary review. Under RAP 2.3(e), "[u]pon accepting discretionary review, the appellate court may specify the issue or issues as to which review is granted." Here, we granted discretionary review as to the questions certified by the trial court. Accordingly, we limit our review to them.

## CONCLUSION

¶17 Audit associates may qualify for the professional exemption from overtime even if they are not licensed as CPAs, have not completed 2,000 hours of on-the-job training, and do not possess a bachelor's degree meeting the PAA's requirements. We affirm the trial court's March 1 order, reverse the trial court's April 22 order, and remand for further proceedings consistent with this opinion.

SCHINDLER and LAU, JJ., concur.

Reconsideration denied December 21, 2012.

Review denied at 177 Wn.2d 1013 (2013).

---

[29] McCutchen testified about federal minimum wage requirements and stated that "[t]he [Wage and Hour Division], under regulations nearly identical to those in Washington, has recognized that unlicensed accountants can qualify for the professional exemption," depending on the work the employee actually performs.